Mary WEBER, Appellant,

v.

Patricia HARRIS, Secretary, Health, Education & Welfare, Appellee.

No. 80–1434.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1981.
Decided Feb. 12, 1981.

Robert A. Crowe, St. Louis, Mo., for appellant Mary Weber.

Frances Reddis, Dept. of Health and Human Services, Kansas City, Mo., for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant Mary Weber was awarded disability insurance benefits effective May 27, 1975, based on a finding of disability resulting largely from low back degenerative arthritis. The Secretary of Health and Human Services then terminated the benefits effective April 1978, upon a finding that Weber's disability ceased in February 1978. The district court[1] affirmed the Secretary. Weber appeals arguing that there is not substantial evidence to support a finding that her condition improved, and therefore principles of *res judicata* should prohibit the Secretary from discontinuing benefits. We affirm the district court.

On November 12, 1975, Weber applied for disability benefits under 42 U.S.C. §§ 416(i) and 423. Following an evidentiary hearing before an administrative law judge, benefits were awarded for a period beginning on May 27, 1975.[2] No appeal was taken and this became the final decision by the Secretary.

As a result of an administrative review of Weber's benefits status, an evidentiary hearing was held before another ALJ on February 23, 1979. Weber appeared with counsel and testified at the hearing. The ALJ determined that Weber's disability ceased in February 1978, and that she was no longer entitled to disability insurance benefits. The Appeals Council adopted the ALJ's decision and it thus became the final decision of the Secretary. Weber appealed to the district court, which adopted the Report and Recommendation of the magistrate and sustained the Secretary's motion for summary judgment. Weber appealed to this court arguing (1) the decision of the Secretary is not supported by substantial evidence of improvement in her condition since the first award; and (2) the principles of *res judicata* therefore prohibit the Secretary from terminating the benefits.

The burden of proof rests with the plaintiff to establish entitlement to disability insurance benefits under the Social Security Act, *e. g., Davis v. Califano*, 605 F.2d 1067, 1071 (8th Cir. 1979), and it remains her burden to show the disability continued and that she remains entitled to benefits, *e. g., Alvarado v. Weinberger*, 511 F.2d 1046, 1049 (1st Cir. 1975). If the plaintiff establishes that she cannot perform a previous employment, the burden shifts to the Secretary to show that the plaintiff can perform

---

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

2. The ALJ then found that, "due to low back degenerative arthritis plus borderline pulmonary functioning claimant has been unable to engage in any substantial gainful activity * *."

some other type of substantial gainful activity. *Davis v. Califano, supra,* 605 F.2d at 1071. The decision of the Secretary must be affirmed if supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ In the instant case there was conflicting evidence between Weber's treating physician, Dr. Mitchell Mirbaha, and the consulting examiner for the Social Security Administration, Dr. Marshall B. Conrad. The two physicians examined Weber approximately one week apart. The other major medical evidence since Weber's first award was the record of her hospitalization in November 1977, for removal of a tumor on her nose. The ALJ also incorporated the evidence of the first hearing into his decision. He considered all of the evidence, including Weber's testimony of subjective pain. Weber testified the pain was worse than when she was first found to be disabled, and Dr. Mirbaha stated he thought she was qualified for Social Security benefits. However, the ALJ in evaluating the medical evidence credited Dr. Conrad's conclusions and found that Dr. Mirbaha's conclusion was not documented by his own clinical findings.[3] The ALJ gave less weight to much of Weber's testimony with regard to subjective pain because of the fact that during the three-year period from 1975 to 1978, she visited her treating physician only once, and took no medication except aspirin and occasionally Darvon. The ALJ credited Dr. Conrad's conclusion that the lower back pain was chronic postural strain caused by her obesity, which is a remedial condition which cannot be the basis for a finding of disability. *See Stillwell v. Cohen,* 411 F.2d 574, 575–76 (5th Cir. 1969); 20 C.F.R. § 404.1518. The ALJ found that "[t]he medical evidence shows that beginning in February 1978, the claim-

ant's impairments improved, and the claimant had the ability to engage in substantial gainful activity."

The medical evidence in this case is conflicting. Although we might not reach the same conclusion as that made by the ALJ in evaluating the evidence, we conclude his findings are supported by substantial evidence on the record as a whole, realizing "the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *See Brand v. Secretary of HEW,* 623 F.2d 523, 527 (8th Cir. 1980) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951)). It is for the Secretary to resolve conflicts and ambiguities in medical evidence, and here the ALJ properly considered all the evidence favorable and unfavorable to Weber.

■ Weber relies heavily on *Miranda v. Secretary of HEW,* 514 F.2d 996 (1st Cir. 1975), for the proposition that when evidence of disability does not change, the Secretary shall be bound by its prior determination of disability. *Miranda v. Secretary of HEW, supra,* in fact supports the Secretary's position in the instant case, however. That court stated:

[O]nce having found a disability, the Secretary may not terminate the benefits without substantial evidence to justify so doing. This will normally consist of current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity; but it might also consist of evidence that claimant's condition is not as serious as was at first supposed.*

* We reject the broad rule * * * that the Secretary cannot take into account medical evidence considered earlier when the disability was first established. It would be wrong for the Secretary to terminate an earlier finding of disability on no basis

---

3. In Dr. Mirbaha's report of February 27, 1978, he stated:

X-rays of her lumbar spine taken in this office on February 7, 1978 reveal moderate to marked degeneration of the lumbar spine, with narrowness of the neural foramena of the lower part.

The patient stated she has constant nagging pain in her lower back. Physical examination reveals range of motion of the lumbar spine to be from 180 degrees neutral to 150 degrees, but beyond that it is uncomfortable for the patient.

other than his reappraisal of the earlier evidence. However, many impairments are difficult to diagnose; a proper diagnosis may require reference to the cumulative medical history. The Secretary may grant a disability on the basis of a subjective complaint and tentative diagnosis pending the accumulation over time of sufficient indicia for a more complete evaluation. At a termination hearing, the Administrative Law Judge may appropriately contrast the relative strength or weakness of earlier medical evidence and relevant earlier events with claimant's current condition.

*Miranda v. Secretary of HEW, supra*, 514 F.2d at 998 & n.

For this reason it is not crucial to our analysis in the instant case whether the conclusion that Weber's condition improved to a point of being able to engage in substantial gainful activity is based solely on evidence of improvement from the first hearing or instead is also based on evidence that Weber's condition was not as serious as first supposed.

Affirmed.