**Ruby BURNS, Appellant,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Appellee.**

**No. 83–1053.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 7, 1983.

Decided June 10, 1983.

---

J. Paul McGrath, Asst. Atty. Gen., George W. Proctor, U.S. Atty., Frank V. Smith, III, Regional Atty., Charlene M. Seifert, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Thomas & Nussbaum, P.A., Little Rock, Ariz., for appellant.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Ruby Burns appeals from the district court's[1] judgment upholding a decision by the Secretary of Health and Human Services denying disability benefits to Burns. Burns argues that there is not substantial evidence supporting the decision of the Secretary. We affirm.

Burns filed her claim for benefits in September 1980. She asserted that she was totally disabled due to mental illness and an eye disease. After administrative denials, she requested a hearing. An administrative law judge (ALJ) held a hearing in April 1981. In an opinion denying benefits, the ALJ found that Burns had failed to show she was disabled.

The evidence before the ALJ showed that Burns is schizophrenic, but that her condition is controlled fairly well by medication. She has been an out-patient at the Arkansas State Hospital since 1975 and has periodically been hospitalized; however, those hospitalizations have been infrequent. An eye infection causes periodic discomfort, but does not affect her ability to read.

The ALJ noted: "A review of the total evidence of record simply will not support a finding that the claimant's [Burns'] impairments, either physical or mental, are significantly so severe so as to preclude her from engaging, for a continuous period of more than 12 months, in basic work related func-

tions." The ALJ held that Burns may have shown that her impairments were periodically disabling, but there is nothing to indicate that the disability had or would continue for twelve months.

Burns had the burden of demonstrating disability. *Weber v. Harris,* 640 F.2d 176 (8th Cir.1981). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The district court found substantial evidence supporting the ALJ's decision. We have carefully examined the record, and agree. Therefore, the judgment of the district court is affirmed. 8th Cir.R. 14.

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.