**Johnny LEDOUX, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

**No. 83–1523.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1984.

Decided April 25, 1984.

Randall S. Parker, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, Frances Reddis, Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before ROSS and ARNOLD, Circuit Judges, and HARRIS,* Senior District Judge.

* Oren Harris, Senior District Judge, Eastern and Western Districts of Arkansas, sitting by desig-nation.

**OREN HARRIS**, Senior District Judge.

Johnny Ledoux appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services denying disability benefits and supplemental security income under 42 U.S.C. § 401, et seq., and 42 U.S.C. § 1381, et seq.

Appellant is a 51 year old man with a third grade education. Intellectually he functions in the dull-normal range of mental ability with an IQ of 79. He can read the newspaper "a little bit" but comprehends only some of what he reads. He has very poor "one hand fine and gross dexterity."

The record reveals an employment history composed of manual labor jobs. In each of his respective employments, he was required to lift up to 100 pounds and to constantly bend and stoop. Appellant's last employment was as a forklift operator. Ledoux suffered two accidents while employed at this position.

In 1972, Ledoux was smashed between a loader and conveyor which resulted in a ruptured disc in his lumbar spine. A lumbar laminectomy was performed. Approximately one year later, Ledoux was hurt when his hand became caught between a three-inch steel pallet and a concrete block. As result of this accident, his right hand and arm were amputated from the forearm to the elbow.

Ledoux was first granted disability benefits in July, 1976, with an onset date in July, 1973. These benefits were terminated by the Secretary, who determined Ledoux ceased to be disabled on August 4, 1980. This decision was appealed. Further, Ledoux applied for supplemental security income in 1981, which was denied. This decision is also appealed. Appellant argues several points on appeal. Our review of the record and the decision of the Secretary reveals error requiring reversal and remand.

The Administrative Law Judge's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). On review, this Court must accept all findings of the Secretary that are supported by sub-stantial evidence on the record as a whole. Substantial evidence is that amount a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ In a disability benefits termination proceeding, as in an initial benefits proceeding, the burden of persuasion is on the claimant to show that he or she has a disability and is entitled to benefits. *Smith v. Schweiker*, 728 F.2d 1158 (8th Cir.1984); *Weber v. Harris*, 640 F.2d 176 (8th Cir.1981). The Secretary need not show improvement in order to terminate benefits, but could show that the condition was less serious than was at first supposed. Hence, the earlier determination does not bar further proceedings. This Court has stated, however, "it would be wrong for the Secretary to terminate an earlier finding of disability on no basis other than his reappraisal of the earlier evidence." *Weber, supra,* 640 F.2d at 178–179; *Smith, supra,* at page 1162.

Since 1972 when appellant suffered his first industrial accident, he has had major health problems. His exertional impairments include status post lumbar laminectomy, status post amputation of the right hand and forearm, chronic lumbosacral backache, chest pains, arteriosclerotic heart disease, status post hiatal hernia, reflux esophagitis, degenerative arthritis of the spine and bronchial asthma. He has been hospitalized on seven occasions since 1972. Further, he has been treated on an outpatient basis several times. In addition to his physical impairments, Ledoux suffers from chronic anxiety syndrome and alcoholism.

At the time of the hearing, Ledoux was taking eight different medications which had been prescribed for his various ailments. He testified the medications interfere with his ability to concentrate and make him quite drowsy. He currently finds he must sleep from three to four hours during the day.

■ The Secretary concluded that Ledoux's impairments continued to be sufficiently severe so as to preclude claimant from performing his past relevant work.

The burden then shifted to the Secretary to prove Ledoux had the requisite residual functional capacity and vocational qualifications to do other jobs which exist in the national economy. *Smith, supra,* at 1162.

At the hearing, the Administrative Law Judge posed a hypothetical question to a vocational expert. After a careful examination of the hypothetical question, it is our opinion that it was improper. Questions posed to a vocational expert should "precisely set out the claimant's particular physical and mental impairments." *Tennant v. Schweiker,* 682 F.2d 707, 711 (8th Cir.1982). We find the hypothetical question failed to consider the drowsiness and daytime sleep requirements of the appellant, his borderline or defective IQ, his anxiety syndrome and his allegations of pain.

In a hypothetical question, the Administrative Law Judge must include in his consideration any allegations of pain. If he excludes pain from the hypothetical, he must set forth his reasons for doing so. *Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 447–448 (8th Cir.1983). The record reflects the Administrative Law Judge failed to consider the impact of Ledoux's pain in conjunction with his other impairments.

Further, a review of the record finds the Administrative Law Judge gave greater weight to the testimony of a consulting psychologist, Dr. Arthur Smith, who testified as a vocational expert, than that of the treating physicians of Ledoux. His treating psychologists, also vocational experts, concluded he did not have the residual functional capacity necessary for competitive employment. This Court has stated that when a consulting physician sees a claimant on only one occasion and his evidence is conflicting with the clinical and diagnostic findings of treating physicians, and gives little weight to subjective symptoms without stated reasons, these medical opinions are entitled to little weight. *Brand v. Secretary of HEW,* 623 F.2d 523, 527 n. 6 (8th Cir.1980).

After the loss of his right hand and forearm, Ledoux was fitted with a prosthe-

sis. The record reflects he has had continuous problems with the prosthesis. In February, 1978, Vocational Counseling and Rehabilitation Services evaluated Ledoux and found he had great difficulty with the right hand prosthesis. In March, 1981, Ledoux underwent surgery to remove a neuroma in transposition of the radial sensory nerve of his right arm. We do not find evidence in the record to support the conclusions of the Secretary that Ledoux is able to utilize his prosthesis. The decision of the Administrative Law Judge is contrary to the facts established by the record and cannot stand.

In conclusion, because of erroneous construction in the case by the Administrative Law Judge, such as the improper hypothetical question and the lack of evidence to support the conclusion of the Secretary, as well as the failure to consider appellant's subjective complaint of pain, we remand the case to the District Court with instructions to the Secretary to reinstate Ledoux's disability benefits as of the date of termination and to approve his application for Supplemental Security Income in accordance with the provisions of the Social Security Act and Regulations thereto.