**Charles H. SHEFFER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

No. 83–0896–CV–W–1.

United States District Court, W.D. Missouri, W.D.

May 16, 1984.

Daniel J. Devine, Kansas City, Mo., for plaintiff.

Robert G. Ulrich, U.S. Atty., Judith Strong, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

### I.

This is a proceeding under Title II of the Social Security Act, (Act), 42 U.S.C. § 401, *et seq.*, which pends on cross-motions for summary judgment. This Court must therefore review the final decision of the Secretary of Health and Human Services (Secretary) terminating plaintiff's Social Security benefits. Jurisdiction is exercised pursuant to 42 U.S.C. § 405(g).

On June 10, 1974 plaintiff (claimant) filed his application to establish a period of disability as provided under the Act, 42 U.S.C. § 416(i), and to obtain disability benefits as provided by section 423. That claim was allowed by decision of an administrative law judge (ALJ) and benefits were awarded beginning June 26, 1974.

The Social Security Administration terminated plaintiff's benefits as of July 1979. Plaintiff filed a request for reconsideration. The Administration reconsidered the matter and affirmed the termination. Plaintiff then requested an administrative hearing. The hearing was held before an ALJ on October 4, 1982 at which plaintiff, represented by counsel, appeared and testified. The ALJ found that plaintiff continued to be under a disability within the meaning of the Act and was entitled to benefits.

After that favorable decision by the ALJ, the Appeals Council notified plaintiff that, on its own motion, it was reviewing the ALJ's decision. The Council further advised plaintiff that it was prepared to issue a decision terminating plaintiff's benefits and gave plaintiff twenty (20) days in which to submit additional evidence to prevent a final determination that his disability had ceased.

On June 13, 1983, after consideration of additional evidence submitted by plaintiff's attorney, the Appeals Council issued a decision reversing the ALJ's decision and finding that plaintiff's entitlement to disability insurance benefits ended with the close of March 1981. The Appeals Council's decision stands as the final decision of the Secretary.

The final decision of the Secretary must be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). Substantial evidence means more than a scintilla of evidence; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In other words, the applicable standard of review provides for more than a rubber stamp of the Secretary's decision and is more than a mere search for the existence of some substantial evidence supporting the Secretary's decision. *McMillian v. Schweiker*, 697 F.2d 215 (8th Cir.1983).

In a disability benefit termination proceeding the burden of persuasion remains with the claimant to show that he or she has a disability and is entitled to continuation of benefits. *Smith v. Schweiker*, 728 F.2d 1158 (8th Cir.1984). The Eighth Circuit, however, has acknowledged that in a termination case the Secretary must show either: (1) that the claimant's condition has improved to the point that claimant is able to engage in substantial gainful activity;

or (2) that the claimant's condition was not as serious as was at first supposed. *Weber v. Harris,* 640 F.2d 176, 178 (8th Cir.1981).

## II.

### A. *Plaintiff's Testimony*

At the hearing before the ALJ, plaintiff testified that his impairments included alcoholism, recurrent headaches, blackouts and eye problems. Plaintiff was born on December 30, 1933 and received very little formal schooling. Between the ages of 8 and 16, plaintiff completed the eighth grade in a state institution. Most of his classmates were severely retarded, although plaintiff suffered no such disability. He was placed in that institution when the State of Michigan terminated his parents' custodial rights. The only other schooling plaintiff received was vocational training through the CETA program. That program, which was for dispatcher training, provided plaintiff with no real job opportunities since applicants for dispatcher positions needed a high school education, a requirement that plaintiff could not meet.

Plaintiff was last employed from 1966 to 1973 by the Allis Chalmer's Company on the paint line. That job required significant periods of standing, as well as frequent lifting of objects weighing up to 50 pounds. He testified that he was fired from that job because he blacked out for 72 hours due to alcohol consumption and thus failed to call in to work within that period as required. Plaintiff was previously employed by the Canada Dry Company from 1954 to 1966 as a warehouseman, loading trucks and making up orders.

The plaintiff also stated that he had been incarcerated approximately 15 times between January 1981 and December 1982 for alcohol related offenses. He felt that his drinking was uncontrollable.

### B. *Documentary Evidence*

Beginning in June of 1979, plaintiff worked off and on as a repairman for the Salvation Army. (Tr. 87–96). He worked six to eight hours a day, five days a week, for which he received room and board. Plaintiff was not considered an employee of the Salvation Army and did not receive a salary. Rather, this was an alcohol recovery program and took place in a controlled and sheltered environment.

Plaintiff was admitted to Dorothea Dix Hospital, Raleigh, North Carolina on July 8, 1979 (Tr. 105–11) for alcoholism. Mental status at the time of admission indicated an absence of hallucinations or delusions with apparent depression. Plaintiff was noted to be fully oriented in memory and concentration was listed as good. While at the hospital, plaintiff was detoxified with valium and vitamins and his recovery from alcohol withdrawal was uneventful. He was discharged with a final diagnosis of episodic excessive drinking, hiatus hernia, and history of bilateral cataract surgery.

On January 12, 1980 plaintiff was admitted to Malcolm Bliss Mental Health Center in St. Louis, Missouri for alcohol detoxification. (Tr. 121–28). He was admitted during a blackout which, on that occasion, lasted four days. His history was positive for seizures but negative for delirium tremens and hallucinations. This was the second time plaintiff had been admitted to that hospital for alcohol abuse. The diagnostic impression was alcohol addiction.

At the request of the Secretary, plaintiff was examined by W.A. Slentz, M.D., on January 7, 1981 (Tr. 129–31). At that time plaintiff was on the drug antabuse and was not drinking. Dr. Slentz stated that "[f]or many years [plaintiff] has had a problem with alcohol and has sought and been given treatment at times, treatment which was effective and appropriate for a while but seemingly his problem always recurs." (Tr. 129). He also noted that plaintiff wore thick cataract glasses which correct his eyes to 20/40 and that, without glasses, he can see nothing. His diagnosis was: (1) alcoholism, not drinking at the moment; (2) status post cataract surgery, bilateral; (3) nutritional obesity; (4) possible mild liver dysfunction; (5) seizure disorder, when drinking (Tr. 131). Dr. Slentz concluded that: "[a]s one sees this individual at this

time one would feel that if he could permanently leave the bottle alone he would be able to perform any one of many different tasks though he does have very poor vision secondary to his cataract surgery." (Tr. 131).

After an apparent brief incarceration for drunkenness, plaintiff was admitted to St. John's Hospital, Salina, Kansas on September 9, 1982 for acute and chronic alcoholism. (Tr. 141–43). He had been drinking for a week, did not remember how he got to Salina, why he was placed in jail or how he wound up at the emergency room of St. John's. Plaintiff denied any previous treatment for alcoholism. The diagnosis was acute and chronic alcoholism, prognosis listed as poor.

Plaintiff entered the Shawnee Community Mental Health Center, Topeka, Kansas on September 24, 1982. (Tr. 167). He was brought in by the Topeka Police Department from the Rescue Mission, intoxicated and suffering coughing spells and signs of emphysema. After detoxification, he was referred to the Community Addictive Treatment Center, Topeka, Kansas on September 29, 1982 due to long standing alcohol abuse. (Tr. 163–66). He completed treatment successfully and the Center recommended that plaintiff participate in Alcoholics Anonymous, reside in a halfway-house, obtain a sponsor and join an aftercare group.

From the Treatment Center, plaintiff moved into the Stepping Stones Rehabilitation Center. He was able to maintain sobriety under that halfway-house controlled environment. The Center, however, felt that "[w]hile his progress up to the present has been satisfactory, his ability to maintain his sobriety without halfway-house structure would be questionable." (Tr. 167).

### III.

The Appeals Council's decision concluding that plaintiff's disability had ceased, was based *inter alia,* on the following findings:

4. Although claimant has been diagnosed as being addicted to alcohol, the medical record contains no symptoms, signs and laboratory findings, as required by section 404.1525(b), which document significantly limiting mental or physical loss from the condition since February 1, 1980.

5. The claimant's allegations of inability to perform work activities due to alcoholism, decreased vision and inability to lift with the right arm are not supported by the medical findings of record.

6. The claimant does not have any impairment or impairments which significantly limit the ability to perform basic work-related activities; therefore the claimant does not have a severe impairment.

Those findings are not supported by substantial evidence. This is a termination case. In addition, it comes to this Court in a procedural posture that is increasingly familiar; that is, the Appeals Council on its own motion reviewed the decision of the ALJ and reversed based upon conclusory and erroneous findings.

■ In this Circuit the Secretary, in a termination case, is required to show either that the plaintiff's condition has improved or that it was not as serious as was first supposed. *Weber v. Harris, supra,* at 178. The Secretary has not made either finding and, even if the Secretary had, the record does not contain substantial evidence which would support such a conclusion.

■ The basis of plaintiff's claim is alcoholism. The Secretary, admitting that plaintiff has been diagnosed as being addicted to alcohol, states that no symptoms, signs or laboratory findings appear in the record to establish the limiting effect of plaintiff's alcoholism. The Secretary seems to think that, to be found disabled on the basis of alcoholism, there must be some mental or physical indication "such as observations by an examining physician of an enlarged liver, slurred speech, tremors, withdrawal symptoms, or decrease in men-

tal functioning." (Tr. 11). That is not the law in this Circuit.

"In the case of alcoholism, the emphasis should be placed on whether the claimant is addicted to alcohol and as a consequence has lost voluntary ability to control its use." *Adams v. Weinberger,* 548 F.2d 239, 244 (8th Cir.1977). In this case, every diagnosis of plaintiff in the record, including the diagnosis provided by the Secretary's consultative physician, contained a conclusion of alcohol addiction. Moreover, plaintiff's history—one which includes numerous episodes of drinking which resulted in blackouts, jailings, and emergency admittances to detoxification centers as well as repeated attempts by plaintiff to undergo treatment in halfway-house settings—establishes that plaintiff had a severe alcoholic problem which significantly limited his ability to perform work-related functions.

We conclude that substantial evidence on the record establishes that plaintiff is disabled within the meaning of the Act due to alcoholism. The evidence in the record shows that plaintiff is addicted to alcohol, is not at this time able to voluntarily control its use, and as a result is unable to perform substantial gainful activity.

■ Plaintiff is therefore entitled to a reinstatement of disability benefits as of the date of termination. We conclude, however, that the continuation of payments into the future must be conditioned upon plaintiff's undertaking reasonable efforts to treat his affliction. *See Adams v. Weinberger, supra,* 548 F.2d at 245–46; *Johnson v. Schweiker,* 563 F.Supp. 306, 310–11 (D.Minn.1983). It is clear from the record that plaintiff has undergone such treatments in the past—with the Salvation Army, Stepping Stones Rehabilitation Center, and various admissions to detoxification treatment centers.

In order for plaintiff to remain eligible for benefits, it is imperative that such treatment continue. The Secretary will therefore be required to furnish plaintiff with a list of institutions or facilities available to plaintiff and approved by the Secretary for the treatment of alcoholism.[1] Plaintiff in turn will be required to undergo treatment at one of the listed facilities and to comply with all terms, conditions and requirements of such treatment.

■ It should be noted that participation in a treatment program would not alone show that plaintiff's condition is improved. Plaintiff's history establishes that he can function well in a halfway-house setting—remaining free from alcohol for extended periods and engaging in useful tasks at those centers. Such a performance in a controlled and sheltered environment, however, is not substantial evidence that plaintiff can engage in substantial gainful activity in the national economy. *Van Horn v. Heckler,* 717 F.2d 1196, 1199 (8th Cir.1983); *Bailey v. Califano,* 614 F.2d 146, 149 (8th Cir.1980).

For the reasons stated, it is

ORDERED (1) that plaintiff's motion for summary judgment should be and is hereby granted. It is further

ORDERED (2) that defendant's motion for summary judgment should be and is hereby denied. It is further

ORDERED (3) that the final decision of the Secretary should be and is hereby re-

---

1. In *Adams,* the Court noted that the Supplemental Security Income (SSI) provisions of the Social Security Act, disqualify an alcoholic from SSI benefits unless such individual undergoes treatment for the addiction at an institution or facility approved by the Secretary and demonstrates compliance with the terms, conditions and requirements of such treatment. 42 U.S.C. § 1382(e)(3)(A). The Court concluded that a similar requirement for receipt of continuing Social Security disability insurance payments is consistent with the disability provisions of the Act. Because of its mandate under the SSI provisions, the Secretary is obviously familiar with the names and locations of appropriate facilities and should be able to furnish plaintiff with a list. Plaintiff, however, is entitled to receive all disability payments from the date of termination and those payments cannot be cut off for lack of reasonable efforts to treat the affliction until such time as plaintiff is furnished a list of facilities and allowed a reasonable opportunity to undergo treatment.

versed and the case remanded to the Secretary with directions to:

(A) reinstate plaintiff's disability benefits as of the date of termination; and

(B) furnish plaintiff with a list of institutions and facilities approved by the Secretary for the treatment of alcoholism together with instructions to plaintiff that he must undergo treatment at one of those facilities and comply with the terms, conditions and requirements of such treatment in order to remain eligible for disability payments.