Betty J. **SHELTON**, Appellant,

v.

Margaret **HECKLER**, Secretary of Health & Human Services, Appellee.

No. 83–1953.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1983.

Decided May 9, 1984.

Reconsideration Denied June 12, 1984.

Ralph W. Muxlow, II, Richland, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Betty J. Shelton appeals from an order of the District Court * affirming the decision of the Secretary of Health and Human Services to terminate her disability benefits under Title II of the Social Security Act, 42

U.S.C. §§ 401–33. The sole issue raised by Shelton is that the Secretary's decision is improper because Shelton presented medical testimony that she was incapable of performing substantial gainful activity. We affirm the District Court's order.

On April 1, 1975, Shelton was awarded disability benefits for a period beginning September 7, 1973. Shelton's disability was from low back pain she experienced following back surgery. Shelton received benefits for approximately eight years before she was notified that because of her improved condition, (1) her disability ceased as of August 1981 and (2) her benefits would cease as of October 1981. Shelton appealed the termination and an evidentiary hearing was held before an administrative law judge (ALJ).

Three recent medical reports were considered by the ALJ. Shelton's treating physician, M.R. Hayden, M.D., reported that Shelton had "a permanent disability that would prevent her from gainful employment, even in jobs that require no lifting." Trial Transcript (Tr.) at 159–60. David Scherr, M.D., after examining Shelton, concluded that she was not disabled. The information that Dr. Scherr gained during his examination of Shelton included her statement that she could stand for one hour and sit for two hours as long as she could move around while sitting. Tr. at 158. C. Courtney Whitlock, M.D., the surgeon who performed Shelton's two back operations, concurred in Dr. Scherr's conclusion that Shelton was no longer disabled. Tr. at 153.

At the hearing the ALJ questioned Shelton at length about her typical daily activities and physical abilities. Although she testified that she was able to stand for half an hour and sit for fifteen minutes, she also testified that she was capable of walking one-half mile without rest and that she can drive a car one hundred miles with only one rest stop.

■ 42 U.S.C. § 405(g) provides that the Secretary's decision on a termination of disability benefits is conclusive if it is sup-

* The Honorable Russell G. Clark, Chief United States District Judge for the Western District of Missouri.

ported by substantial evidence. Substantial evidence "is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Smith v. Schweiker*, 728 F.2d 1158, 1162 (8th Cir. 1984). The burden of proving one's entitlement to disability benefits is on the claimant, both when initially applying for benefits and when challenging the termination of benefits. *Weber v. Harris*, 640 F.2d 176, 177 (8th Cir.1981).

█ The ALJ carefully considered the entire record, including the reports of both Shelton's and the government's doctors and the testimony at the hearing, and determined that Shelton retained the residual functional capacity to perform sedentary work, such as her relevant past work as a school secretary. Having reviewed the record, we find that the ALJ's conclusion is supported by substantial evidence, including medical evidence and Shelton's testimony at the hearing, which indicated that she carried out with regularity a significant number of daily activities. We cannot say that the evidence taken as a whole was not substantial evidence sufficient to support the ALJ's decision merely because the claimant produced one medical report that contradicts that decision. Accordingly, we affirm the order of the District Court.