**Carol D. LEE, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

No. 83–2318.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1984.

Decided June 29, 1984.

George W. Proctor, U.S. Atty., Chalk S. Mitchell, Asst. U.S. Atty., Little Rock, Ark., Frank V. Smith, III, Regional Atty., Thomas Stanton, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Wilson, Grider & Castleman, Pocahontas, Ark., for appellant.

Before ROSS, McMILLIAN and ARNOLD, Circuit Judges.

ROSS, Circuit Judge.

Carol D. Lee appeals from the memorandum and order of the Honorable William R. Overton, United States District Court for the Eastern District of Arkansas, affirming the decision of the Secretary of Health and

Human Services denying disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* On appeal Lee contends that (1) the Secretary did not meet her burden of showing that Lee's disability terminated; (2) there is no substantial evidence to support the administrative law judge's determinations, and (3) the administrative law judge failed to adequately consider Lee's allegations of pain. Since we agree with Lee's first contention, we need not address the other issues on this appeal.

Lee is a 44 year old man with a fourth or fifth grade education. He worked from 1969–1978 as an ironworker. In 1965 Lee had back surgery but was able to return to work. In 1977 he reinjured his back and was awarded disability beginning February 3, 1978. According to Lee's testimony, he is in constant pain, both day and night and can do very little lifting or walking. Also, Lee is practically illiterate. His daily activities involve just laying around, and he had been rated as 100% disabled by his union disability program. He uses a cane when walking and often his legs "lock-up." The Social Security Administration determined that his disability ceased as of November 1980.

On December 9, 1980, the Social Security physician, Dr. Aldo R. Bevilacqua, a specialist in psychiatry and neurology also made these findings concerning Lee:

1. Radiculitis involving primarily L5, S1 and S2 on the right.

2. Rule out cervical radiculitis on the left, probably secondary to cervical osteoarthritis.

Dr. Bevilacqua recited a history of diagnostic impression of "lumbar radiculitis" and "probable cervical spondylosis" with "additional loss of grip of the left upper extremity and marked limitation of motion of the lumbosacral spine and muscle spasm tenderness of the paralumbar muscles bialaterally." Dr. Bevilacqua obtained a history from the patient and stated "in general his statements coincide with data available."

Dr. Kim, M.D., based on the objective and subjective findings, found appellant to be totally disabled.

The administrative law judge found that Lee was unable to perform his past work but had the residual functional capacity for at least light and sedentary work as defined in 20 C.F.R. § 404.1567. Under Regulation 404.1569 and Rule 202.18 of Table 2, Subpart P, Regulation Number 4, Lee was held not to be disabled. The district court affirmed.

Lee argues that the Secretary was required to show that something changed or there was an improvement in his condition before terminating benefits. The Secretary argues that there is substantial evidence that Lee is not disabled and that he failed to meet his burden of showing his disability had not ceased. Recently, in *Ledoux v. Schweiker*, 732 F.2d 1385 (8th Cir. 1984), in a case similar to this one, this court stated:

> In a disability benefits termination proceeding, as in an initial benefits proceeding, the burden of persuasion is on the claimant to show that he or she has a disability and is entitled to benefits. *Smith v. Schweiker*, 728 F.2d 1158 (8th Cir.1984); *Weber v. Harris*, 640 F.2d 176 (8th Cir.1981). The Secretary need not show improvement in order to terminate benefits, but could show that the condition was less serious than was at first supposed. Hence, the earlier determination does not bar further proceedings. This Court has stated, however, "it would be wrong for the Secretary to terminate an earlier finding of disability on no basis other than his reappraisal of the earlier evidence." *Weber, supra,* 640 F.2d at 178–179; *Smith, supra,* at page 1162.

At 1387.

Based on a review of the record, there is no evidence to indicate any change in Lee's condition. In fact, the evidence clearly shows that Lee is basically in the same condition as when he was initially awarded benefits. The only apparent evidence to the contrary involved Lee's confusion over

what medications he purchased and from where he received these medications. In addition the record is not sufficient to show that Lee's condition is less serious than was at first supposed.

Since the record does not uphold the decision of the ALJ that the disability had ceased, we reverse the district court's affirmance and order an continuing disability benefits to Lee.