**Lorene JAMES, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 83–2566.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1984.

Decided Oct. 3, 1984.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for appellee.

---

Bruce K. Kirby, Keeter, Karchmer, Nelms & Kirby, Springfield, Mo., for appellant.

Before LAY, Chief Judge, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Lorene James appeals from the dismissal of her petition to review the decision of the Secretary of Health and Human Services to terminate her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433 (1982). Jurisdiction is invoked pursuant to 28 U.S.C. § 1291.(1982). On appeal James raises the following allegations of error: (1) the transcript is inadequate; (2) the administrative law judge failed to properly consider her subjective complaints of pain; (3) the Secretary failed to provide an adequate basis to determine whether James's testimony was credible; (4) the Secretary failed to give sufficient weight to the treating physician; (5) the Secretary failed to meet her burden of proof; (6) the Secretary failed to consider the combined physical and mental impairments; (7) the administrative law judge failed to elicit favorable information from James at the hearing; and (8) the Secretary failed to meet her burden of proving the past disability had improved. We reverse the district court's order of dismissal and remand with directions that the court direct the Secretary to reinstate disability benefits.

James was 37 years of age, married, and had three children at the time of this hearing. She has completed the ninth grade and has had some vocational training through home study courses. In the past her occupations included school bus driver, security guard, order filler/packer, and welder.

James was originally held to be disabled beginning July 1978. Her disability was found to cease to exist in August 1981. James was diagnosed as having chronic depression, fibromysitis, lupus exythematosus and sematization disorder.

It was determined by the district court that James had a full and fair hearing, and that given the medical testimony and the ALJ's observation, there was substantial evidence to show an improved condition or that the condition was not as serious as originally supposed. *See Ledoux v. Schweiker*, 732 F.2d 1385 (8th Cir.1984); *Smith v. Schweiker*, 728 F.2d 1158 (8th Cir.1984); *Weber v. Harris*, 640 F.2d 176 (8th Cir.1981). The Secretary, however, points to no evidence that shows medical improvement or that the condition was less serious than originally supposed. After a review of the record we find that substantial evidence does not exist to support the finding of the Secretary and we direct that benefits be reinstated. *Smith v. Schweiker*, 728 F.2d 1158 (8th Cir.1984); 42 U.S.C. § 405(g) (1982).

■ Neither the district court nor the Secretary had the benefit of this court's recent decision in *Rush v. Secretary of Health and Human Services*, 738 F.2d 909 (8th Cir.1984). In *Rush*, it was held that in a termination case the Secretary could not merely "change her mind," but must produce new evidence indicating a change in condition. *Id.* at 913. Under the principles of *Rush*, the Secretary may not simply reappraise prior evidence and then terminate benefits. *Id.* at 915; *Smith*, 728 F.2d at 1162. The presumption of disability operates in favor of a claimant previously found to be disabled. *Rush*, 738 F.2d 909, 915. Judge Arnold stated:

If the Secretary does not meet this burden of production, the claimant will be deemed to be still disabled. If, on the other hand, the Secretary does meet her burden, the presumption of disability will drop from the case, and the proceeding will continue in the same manner as any other disability determination, with the burden of persuasion on the claimant.

*Id.* at 916.

■ We have reviewed the briefs and the record in this case and find that James's condition is virtually the same now as when she was originally awarded benefits. There is no substantial evidence of a

change in James's condition. Under the circumstances, we find disability benefits should be reinstated. *Rush*, 738 F.2d 909, 916; *Lee v. Heckler*, 737 F.2d 768, 769–70 (8th Cir.1984), *Ledoux v. Schweiker*, 732 F.2d 1385 (8th Cir.1984). James's initial disability was based on her psychological condition and there is no evidence at the second hearing which demonstrates any improvement in her condition. In fact, the reports of Drs. Earls, Jungels, and Cortez show James to be basically unchanged.

Since the record as a whole does not support a finding that the disability ceased, we remand to the district court with directions that the Secretary be ordered to reinstate James's disability benefits.[1]

---

1. Because we reverse on this basis, we need not address the remaining allegations of error asserted by James.