**John E. EUDY, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

Civ. No. 85–47–A.

United States District Court, S.D. Iowa, C.D.

Sept. 30, 1985.

Supplemental Ruling and Order Jan. 21, 1986.

Robert W. Pratt, Des Moines, Iowa, for plaintiff.

Richard C. Turner, U.S. Atty., S.D. Iowa, Robert C. Dopf, Asst. U.S. Atty., Paul P. Cacioppo, Reg. Atty., Dept. of HEW, Frances Reddis, Asst. Reg. Atty., for defendant.

RULING AND ORDER

STUART, District Judge.

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. Section 405(g) provides for judicial review of the final decision of the Secretary of Health and Human Services. Plaintiff filed an application to establish a period of disability and to obtain disability insurance benefits on October 24, 1983. The application was regularly processed administratively and on June 22, 1984 the Administrative Law Judge (ALJ) found that the claimant's past relevant work as a bus driver, as generally performed, did not require work involving bending and lifting of heavy objects and that he therefore was not prevented from performing his past relevant work. He found that the claimant was not

---

disabled within the meaning of the Social Security Act.

The sole issue before the Court is whether this administrative finding is supported by substantial evidence on the record as a whole. *Ledoux v. Schweiker,* 732 F.2d 1385, 1387 (8th Cir.1984). The two key paragraphs are the following:

> According to the evidence of record, the claimant has no difficulty driving. The evidence indicates that he has the ability to sit and to use his upper and lower extremities, which would allow him to drive a bus. He cannot, however, bend and lift sufficiently to load and unload cargo and luggage. While he cannot return to his past work as he performed it, i.e., as a driver for an interstate bus line loading and unloading cargo and luggage, he is able to drive other types of buses. Therefore, a return to his past work as a bus driver is possible and he is not disabled.

> Dr. Jacoby felt that the claimant could not return to his work as a bus driver because of his cardiovascular disease and blood pressure (Exhibit 18). Dr. Temple felt that he could. According to the conclusions stated above, the claimant's hypertension and cardiovascular disease do not preclude a return to his past work as a bus driver. The undersigned would acknowledge that the claimant has been unable to pass his company's physical examination due to his hypertension. Still, this condition, while precluding his driving on an interstate basis, would not prevent the claimant from driving a bus within the state of Iowa.

The Court is of the opinion that there is substantial evidence in the record to support the statements contained in these two paragraphs. However, the Court is troubled by the conclusion of the ALJ that these findings mean that the claimant could return to his "past relevant work." The Court is not satisfied that evidence that this claimant could continue to drive a bus is sufficient to show that he could return to his past relevant work, when his particular work involves lifting of luggage and freight and he could not pass the physical test to drive interstate. The Court believes that it can be argued that this record shows he cannot return to his past relevant work, thus shifting the burden to the Secretary to show that there are jobs in the national economy where all plaintiff would have to do is sit and drive a bus and would not be disqualified by his heart condition.

IT IS THEREFORE ORDERED that the parties shall have twenty (20) days within which to brief the question relating to the meaning of past relevant work in the context of the matter that is troubling the Court.

### SUPPLEMENTAL RULING AND ORDER

On September 30, 1985, the Court entered a Ruling and Order stating that he was troubled by the ALJ's interpretation of the phrase "past relevant work." The Court said:

> The Court is not satisfied that evidence that this claimant could continue to drive a bus is sufficient to show that he could return to his past relevant work, when his particular work involves lifting of luggage and freight and he could not pass the physical test to drive interstate. The Court believes that it can be argued that this record shows he cannot return to his past relevant work, thus shifting the burden to the Secretary to show that there are jobs in the national economy where all plaintiff would have to do is sit and drive a bus and would not be disqualified by his heart condition.

Further briefing has been furnished the Court in response to that Ruling and Order and the Court now determines that in *Warner v. Heckler,* 722 F.2d 428, 431 (8th Cir. 1983) the Eighth Circuit interpreted "past relevant work" as including the activities actually performed in that job and shifted the burden to the Secretary to show that the claimant was capable of performing other work that existed in the national economy.

Therefore, the Court finds that the ALJ's determination that Mr. Eudy could return

to his past relevant work is erroneous and this Court must remand this case to the Secretary to proceed with the sequential evaluation shifting the burden to the Secretary to show that there are jobs in the national economy that plaintiff could perform.

IT IS SO ORDERED.