**Edward E. YORK, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. C86–214R.**

United States District Court,
N.D. Georgia,
Rome Division.

Sept. 23, 1987.

---

Willie V. Miller, Miller & Patterson, Fort Oglethorpe, Ga., for plaintiff.

Jane Wilcox Swift, Office of U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

This social security case is before the Court on Claimant Edward E. York's appeal of the Secretary's denial of Social Security disability benefits. The Court has reviewed the administrative record and has considered the Report and Recommendation of the Magistrate.

The Magistrate determined that substantial evidence supported the Secretary's determination that York was not entitled to disability insurance benefits because there exists insufficient indication of disability prior to September 1984, one year after York's insured status lapsed. In a Supplemental Report and Recommendation, the Magistrate concluded that the post-September 1984 evidence could be considered on York's claim for Supplemental Security Income (SSI). Considering that evidence, the Magistrate recommended that the case be remanded to the Secretary because the Administrative Law Judge (ALJ) based his decision on testimony from a vocational expert elicited through improper hypothetical questions. Specifically, the ALJ failed to present adequately to the vocational expert York's psychological difficulties, diagnosed as Post Traumatic Stress Disorder (PTSD).

The Court agrees with and adopts the conclusions of the Magistrate with regard to the claim for disability insurance benefits, the applicability of post-September 1984 evidence, and the inadequacy of the ALJ's hypothetical questions. The Court finds, moreover, that the ALJ failed to accord the medical opinions proper weight and remands the case for a redetermination of York's eligibility for SSI not inconsistent with this opinion.

Edward York is a veteran of the Vietnam War who served in combat and was honorably discharged with decorations. Since his discharge he has experienced various physical and psychological difficulties, the latter including alcoholism and PTSD. Upon his return home from Vietnam, he found that his wife had moved in with his brother and subsequently married him. York has testified to four suicide attempts, the most recent attempt of record in September 1984. In the past he also suffered flashbacks, which on occasion have caused him to get his gun and "shoot up the house."

The ALJ found that York's physical impairments limit him to performing light work and that his alcoholism is controlled. The ALJ relied on the testimony of a vocational expert and concluded that there exist a significant number of low-stress light jobs that York can perform. The ALJ therefore found him not disabled and denied benefits. The Appeals Council found no basis to alter the ALJ's decision.

■ Substantial evidence supports the Secretary's findings that York's physical limitations limit him to light work and that his alcoholism is currently controlled. The decision of the Secretary is affirmed to that extent. The ALJ committed reversible error, however, in his treatment of the medical evidence of York's PTSD.

■ In reviewing claims brought under the Social Security Act, the Court's role is a limited one. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). Even if the evidence preponderates against the Secretary's decision, the Court must affirm if the decision is supported by substantial evidence. *Id.* The Court, however, does not act as an automaton: it must examine the record as a whole, and determine if the decision is reasonable and supported by substantial evidence. *Id.*

■ In evaluating the evidence, the Secretary, acting through the ALJ, may not substitute his judgment on the claimant's condition for that of the medical and vocational experts. *Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir.1982). The Secretary must state with particularity the weight given different medical opinions and the reasons therefor, and the failure to do so is reversible error. *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir.1986).

Moreover, the Secretary, must accord "substantial" or "considerable" weight to a treating physician's opinion, unless "good cause" is shown to the contrary. *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir.1985). The Secretary, of course, may reject any medical opinion if the evidence supports a contrary finding, *Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir.1985), and even the opinion of a treating physician may be discounted if it is unsupported by objective medical evidence or is merely conclusory, *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir.1987). Where the Secretary "has ignored or failed to refute properly a treating physician's testimony," the court holds *"as a matter of law that he has accepted it as true." MacGregor v. Bowen*, 786 F.2d at 1053 (emphasis added).

In making his determination in the instant case, the ALJ relied on the testimony of a vocational expert. While the vocational expert testified that, given the profile presented in the ALJ's hypothetical question, he believed that there were low-stress, light jobs that York could perform, he also answered the following question:

Q. Now if Mr. York were so impaired that he could not follow directions from supervisors on a regular consistent basis, in other words relate adequately to supervisors, would the jobs you've mentioned or any others exist in significant numbers?

A. No, your Honor, he [sic] would not.
Administrative Record at 95.

The ALJ made no finding that York could adequately relate to supervisors, and the record developed by the ALJ will not support such a finding. To the contrary, the medical opinions indicate that York cannot relate adequately to supervisors.

■ The medical opinions on York's psychological condition comprise the following. Veterans Administration (VA) Psychologist Nagle treated York regularly for at least two years at the time of the hearing. Nagle opined that the combination of York's physical conditions and his PTSD so limit him that "gainful employment is not a reasonable goal for him, nor is he considered a suitable candidate for vocational rehabilita-

tion. Present treatment should continue to focus on helping him deal with his [PTSD]." On psychological conditions, a treating psychologist is the equivalent of a treating physician. *See Ledoux v. Schweiker*, 732 F.2d 1385, 1388 (8th Cir. 1984); 20 C.F.R. § 404.1513 (1987); *cf. Falcon v. Heckler*, 732 F.2d 827, 829–30 (11th Cir.1984). Nagle treated York in association with VA psychiatrist Hagood, and the ALJ concluded that the opinion of Nagle, "by inference," stated the opinion of Hagood.

Bercaw, a licensed psychological examiner, examined and tested York at the behest of the Secretary, and his assessment is signed also by a psychologist. Bercaw concluded that York was a very severely depressed individual who cannot cope with job related stress. He also stated that York sometimes reacts to environmental noise or stimulus as though he were in Vietnam. Bercaw noted that York would have considerable difficulty relating to peers and supervisors. He concluded that York would not be ready for gainful work within the next 12 months and likely would be unable to work for at least two years.

Bercaw's report and the VA treatment notes describe three incidents from Vietnam which shed light on why one of the central symptoms of York's PTSD involves difficulties in relating to supervision and taking orders. Once when York's artillery unit was "almost wiped out," it had to be evacuated hurriedly by helicopters. The senior officer reportedly "hid" during the final assault, and York was given a weapon and left as the last soldier to defend the end of the air strip while the Vietcong attacked the other end. York felt that the officer was using combat to advance his military career and York was angered by the thought that the officer might sacrifice his life for this end. York thereafter found it difficult to take orders from this officer.

Soon thereafter, when a sergeant was roughly ordering him about, York became angry, took his weapon, cocked it, and pointed it at the sergeant, but others intervened and diffused the situation. A third incident involved a lieutenant new to com-

bat who reprimanded York for doing what was usual procedure in combat. York had very strong words to the lieutenant, and York was to be court martialed until the charge was later reduced. During this time, the unit was under heavy fire and York would sleep barely one hour per night. York told psychologist Nagle, "[I] left part of me over there—the inner soul of me died over there." Administrative Record at 248.

In addition to the psychological reports of Bercaw and Nagle and Hagood are the reports of consulting psychiatrists Haney and Joel. Haney concluded that York's psychological difficulties would "very significantly" limit his ability to perform basic work related activities. Consulting psychiatrist Joel concluded that his impairments would "significantly" limit this ability.

The ALJ treated these opinions improperly. He failed altogether to address the opinions of psychiatrists Haney and Joel; and he refuted improperly the the opinions of Bercaw and Nagle and Hagood. The ALJ rejected Bercaw's opinion apparently on the ground that it is based on York's subjective statements and because the events described in those statements did not occur significantly recently in time. The ALJ failed to explain what psychological assessment he would accept, since most rely significantly on subjective responses. As the Magistrate concluded, Bercaw's opinion cannot be ignored. The ALJ states that Bercaw's opinion is not supported by the VA treatment notes, but this is incorrect. For example, he states that York's anxiety in response to environmental conditions and sudden noises reported by Bercaw was getting better by April 1984. In fact, VA psychologist Nagle in his treatment summaries reported this as a continuing problem in August 1984 and even in December 1985. Administrative Record at 253, 293.

The ALJ stated that he discounted Bercaw's opinion and chose instead to give more weight to the treatment notes of doctors Nagle and Hagood. But while ostensibly giving them more weight, he reinterprets those notes and substitutes his own conclusions for the conclusions of the doctors themselves. The ALJ states that he rejected Nagle's opinion of disability because it was based in part on York's physical impairments, and Nagle is not a medical doctor. The ALJ apparently overlooked that he earlier concluded that because Hagood and Nagle treated York together at the VA, the opinion of Nagle, by inference, stated the opinion of Hagood, who is a psychiatrist, a medical doctor.

■ The ALJ failed to refute properly or to give proper weight to the medical opinions, reinterpreted the raw medical data, substituted his own judgment for that of the medical experts, and picked and chose among the evidence in reaching his conclusion. As dictated by the Eleventh Circuit, where the Secretary has made such errors, the opinion of the treating physician "as a matter of law" has been accepted as true. *See MacGregor*, 786 F.2d at 1053.

The Secretary makes several other erroneous conclusions relevant to this issue. He states that the VA notes indicate improvement of some of York's symptoms. While this is true, it is clear that Nagle was of the opinion in December 1985, subsequent to the most recent VA notes, that the improvement was not to the level of an ability to work. The ALJ states that Nagle leads a "fairly active life particularly from a physical standpoint but also in maintaining ongoing relationships with [his mother, his wife, and various friends]." Administrative Record at 21. While these statements are true, they do not relate to York's ability to relate adequately to supervision. Similarly, while York may have helped a friend cut wood on occasion, Nagle, while encouraging such activity, stated, "he must be able to control his level of activity." Administrative Record at 300. Such activity does not demonstrate an ability to maintain regular employment. Also inapposite is the ALJ's conclusion that York has sufficient intelligence to work. Intelligence is not dispositive of whether York's PTSD-caused depression and anxiety are disabling. *See MacGregor*, 786 F.2d at 1053–54 ("We ... are almost embarrassed to remind the [Secretary] that highly intelligent

**908**

and able people do fall prey to crippling depression.").

The ALJ correctly points out several inconsistencies in York's testimony between his first and second hearings concerning, *inter alia,* the dates of York's most recent flashbacks and the duration of his "blackouts." These inconsistencies, however, also could be a product of his psychological condition. In any event, they do not constitute "good cause" for rejecting the conclusions of the medical experts.

The vocational expert testified that if York could not relate adequately to supervisors, there would be no jobs that York could do. The record is clear that relating to supervision is one of the central stressors symptomatic of York's PTSD. Psychologist Nagle, "by inference," psychiatrist Hagood, and Bercaw, all concluded that York could not work. Haney and Joel concurred that York's psychological condition significantly limited his ability to perform basic work skills. There is no medical opinion in the record to support the ALJ's interpretation of the medical evidence or his conclusion on York's PTSD.

Although the Court is inclined in this case to order an award of benefits, federal courts do not sit to find facts in social security cases. *See McDaniel v. Bowen,* 800 F.2d 1026, 1032 (11th Cir.1986). The Court concludes that the proper course is for the Secretary to make a redetermination of York's eligibility for SSI not inconsistent with this opinion.

ACCORDINGLY, the decision of the Secretary is AFFIRMED in part and REVERSED in part. The case is REMANDED for a redetermination of York's eligibility for supplemental security income not inconsistent with this opinion.

IT IS SO ORDERED.