No. 95-2692

JESSE W. ADAMS,                        *
                                       *
          Plaintiff-Appellant,         *  On Appeal From the United
                                       *  States District Court for
     v.                                *  the Western District of
                                       *  Missouri.
SHIRLEY S. CHATER,                     *
Commissioner of the Social             *
Security Administration,               *  [NOT TO BE PUBLISHED]
                                       *
          Defendant-Appellee.          *

Submitted:  January 12, 1996

Filed:  February 26, 1996

Before LOKEN, REAVLEY[*] and HANSEN, Circuit Judges.

PER CURIAM.

     Jesse Adams appeals a district court[1] summary judgment which
affirmed the decision of the Commissioner of Social Security to
deny his application for social security disability benefits.  We
affirm.

     Our review is limited to determining whether the
Commissioner's decision is supported by substantial evidence in

---

[*]The HONORABLE THOMAS M. REAVLEY, United States Circuit
Judge for the United States Court of Appeals, Fifth
Circuit, sitting by designation.

[1] The Honorable Dean Whipple, United States District Judge
for the Western District of Missouri.

the record as a whole.  Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995).  The findings of the administrative law judge (ALJ) are supported by substantial evidence.  Among other evidence, the ALJ considered live testimony from Adams, his sister, and a vocational expert, as well as reports from physicians.

Adams, 45 at the time of the 1993 hearing, has no vocational training or experience and an eighth-grade education.  He previously worked as a garbage collector.  The parties do not dispute the ALJ's findings that Adams suffers from numerous medical impairments, including obstructive lung disease, hypertension, gout and obesity.  The ALJ credited the opinion of an examining physician, Dr. Talpers, that Adams was capable of minimal exertional activities, and could work in a position requiring light lifting, sitting and standing.  Talpers found that Adams suffered from chronic obstructive pulmonary disease, but that his respiration was only "mildly labored," his cardiac rhythm was regular, and there was no chest wall tenderness.  He found that Adams could stand or walk for four to six hours during an eight-hour day or two hours without interruption, and could lift and carry 20 pounds for one-third of an eight-hour day.  Based on the testimony of the vocational expert, the ALJ concluded that unskilled, sedentary positions are available in the economy that Adams could hold and that he therefore was not disabled.

Adams argues that the ALJ did not give due credit to the reports of his treating physicians and other documents.  Although these records support Adams' claim, we cannot say that our review of the record as a whole compels us to conclude that the ALJ's findings are unsupported by substantial evidence.  One treating physician, Dr. Cantrell, wrote in one report that Adams is "unable to do any work."  He checked a box on the printed form stating that the patient has "a mental and/or physical disability which prevents him from engaging in full time employment on a

regular basis at a normal wage rate for that employment for which his age, training, experience or education will fit him." There is no indication on this document of the diagnostic tests performed or questions asked of the patient. Further, the unqualified statements in this report are inconsistent with a later letter written by Cantrell, stating that Adams "suffers from a multitude of problems which would greatly hinder his ability to responsibly to carry [sic] on full time employment at this time." Another treating physician, Dr. Abanishe, states in a letter that Adams "is unable to perform any substantial gainful activity," but again, this statement is conclusory and is not supported by any laboratory or diagnostic testing. A third treating physician, Dr. Bacon, stated in a report that Adams "is unable to perform any moderately strenuous activity for a sustained period of time including walking." This statement, however, is not inconsistent with the ALJ's finding and the vocational expert's testimony that Adams could perform jobs that were primarily sedentary. Adams also relies on a letter from a medical center where he received treatment, enclosing a printout of his medications and stating that "[i]t is difficult to comprehend that a person would require such medications and not be considered disabled." This letter, however, is authored by a social worker rather than a physician, is based solely on the quantity of medications Adams had received, and offers no indication that the author is familiar with the standards for determining eligibility for social security disability benefits. Adams also offered a 1992 ruling of the Missouri State Division of Family Services finding him unemployable and permanently and totally disabled. The ALJ was not bound by this ruling.

Adams complains that the district court did not properly credit his sister's testimony and his own testimony regarding his subjective complaints. They testified that Adams had severe breathing problems, had trouble walking and lifting, did not perform household chores, and needed to lie down because of

-3-

fatigue.  Adams also complained of dizzy spells and difficulty getting a good night's sleep.  He claimed that he was unable to engage in any social activities or recreational activities.  He used to smoke three packs of cigarettes a day, but was down to about half a pack.  The ALJ found this testimony lacking in credibility, in part because of "the opinions of treating and examining physicians of record that the claimant would experience a significant improvement in his pulmonary condition if he stopped smoking and the lack of evidence that the claimant followed these recommendations," and because his chronic obstructive pulmonary disease is exacerbated by obesity and continued tobacco use.  The ALJ also discredited Adams' testimony because it was inconsistent with the report of Dr. Talpers.  Talpers, after conducting a pulmonary function test, concluded that Adams was capable of light work activity.

The ALJ was entitled in these circumstances to discount the subjective complaints of the claimant.  It is true that an ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them."  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  However, "subjective complaints may be discounted if there are inconsistencies in the evidence as a whole."  Id.  The lack of objective medical evidence in support of the claimant's testimony, and inconsistencies in the evidence as a whole, are factors the ALJ may consider in weighing the credibility of the claimant's subjective complaints.  Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989).  Further, we believe that the ALJ was entitled to discount the subjective complaints due to Adams' failure to lose weight and stop smoking.  See Nelson v. Sullivan, 966 F.2d 363, 367 (8th Cir. 1992); Weber v. Harris, 640 F.2d 176, 178 (8th Cir. 1981).

Adams complains that the ALJ disregarded evidence that he suffered from dizziness and staggered when he walked.  The

-4-

vocational expert was asked about these problems, and testified that she did not believe that these problems would affect Adams' ability to perform the largely sedentary jobs that she believed Adams was otherwise capable of performing.

In sum, we find that the evidence on which Adams relies is not so compelling or consistent as to lead us to conclude that the ALJ's ruling is unsupported by substantial evidence based on the record as a whole.

Affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.