**Harley G. DOTSON, Jr., Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, United States of America, Appellee.**

**No. 83–1167.**

United States Court of Appeals, Fourth Circuit.

Argued July 21, 1983.

Decided Oct. 6, 1983.

Rehearing Denied Jan. 11, 1984.

---

James H. Toms, Ervin W. Bazzle, Hendersonville, N.C., Martin L. Saraf, Rutherfordton, N.C., on the brief, for appellant.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., Martin L. Saraf, on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

K.K. HALL, Circuit Judge:

Harley G. Dotson, Jr., appeals from an order of the district court, affirming the Secretary's termination of his social security disability insurance benefits. This termination was based upon the determination by an Administrative Law Judge (ALJ) that Dotson's disability ceased during May, 1981. Neither the ALJ nor the district court afforded Dotson the advantage of any presumption that as a result of the Secretary's prior ruling of disability Dotson con-tinued to be disabled. Because we conclude that Dotson was entitled to such a presumption and that the Secretary was required to rebut it, we reverse the judgment of the district court and remand for a new hearing.

## I.

Dotson applied for disability insurance benefits on August 1, 1974. The Secretary awarded benefits and found that Dotson's disability had commenced on July 9, 1974. The Secretary later determined that Dotson's disability ceased during May, 1981, and terminated benefits on the last day of July, 1981. Dotson requested a hearing to contest this termination.

At the administrative hearing, the ALJ placed the burden of proof upon Dotson to establish that he was still disabled. The ALJ upheld the Secretary's determination that Dotson's disability ceased during May, 1981. In due course, the district court affirmed, and this appeal followed.

## II.

On appeal, Dotson's primary contention is that the ALJ erred in placing the burden of proof upon him to establish that he was disabled. The Secretary contends that Dotson had the burden of proving disability at all times.[1] At oral argument, the Secretary urged us to adopt his contention so that if a mistake had been made in awarding benefits, the Secretary could have another physician review the medical evidence, that was previously held to be sufficient to support an award of benefits, and interpret that same evidence to support a later determination that the claimant's disability had ceased. The Secretary conceded that if a mistake had been made in denying benefits, the claimant could not rely on past evidence. In short, the Secretary argues he should be allowed as many "bites of the apple" as he wants. We reject the Secretary's contention as patently unfair.

In *Patti v. Schweiker*, 669 F.2d 582 (9th Cir.1982), the Secretary determined that the

---

1. The Secretary's reliance on *Myers v. Richardson*, 471 F.2d 1265 (6th Cir.1972), is misplaced. *Myers* involved a closed period of benefits. That is not this case.

claimant's disability had ceased and terminated her supplemental security disability benefits. The Ninth Circuit reversed and held that the Secretary's determination that the claimant's disability had ceased was not supported by substantial evidence of any change in the claimant's condition. *Id.* at 586. The Ninth Circuit explained the controlling principle of law as follows:

[A] prior ruling of disability can give rise to a presumption that the disability still exists. "Once evidence has been presented which supports a finding that a given condition exists, it is presumed in the absence of proof to the contrary that the condition has remained unchanged." *Rivas v. Weinberger,* 475 F.2d 255, 258 (5th Cir.1973). A presumption ... impose[s] "on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption." Fed.R.Evid. 301.

The Secretary's own regulations provide that the decision of an ALJ on a disability question becomes binding "on all parties to the hearing" if none of the specified avenues of review are exercised by the claimant or the Secretary. 20 C.F.R. § 416.1455 (1981). In the present case, neither the Secretary nor the claimant saw fit to disturb the 1978 determination by an ALJ that the claimant was disabled at that time. The question before us now, therefore, is whether that determination gave rise to a presumption at the time of the 1979 hearing that the claimant was still disabled—a presumption which the Secretary was required to "meet or rebut" with evidence that her condition had improved in the interim. We answer that question in the affirmative. We are unable to discern any reason why the familiar principle that a condition, once proved to exist, is presumed to continue to exist, should not be applied when disability benefits are at stake. The Fifth Circuit has expressly approved such application. *Rivas v. Weinberger, supra. Accord, Prevette v. Richardson,* 316 F.Supp. 144, 146 (D.S.C.1970).

*Id.* at 586–87. *Accord, Simpson v. Schweiker,* 691 F.2d 966 (11th Cir.1982) (benefits must be continued if the evidence in a continuation case is substantially the same as in the initial case).

■ We agree with the Ninth Circuit and conclude that in the instant case the Secretary's initial determination gave rise to a presumption at the time of Dotson's second hearing that he was still disabled and that the Secretary was required to rebut this presumption. To conclude otherwise would permit the Secretary to submit the same medical evidence to different physicians time and time again until the Secretary obtains a favorable result. *See id.* at 969.

■ Our conclusion is further supported by the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.* That Act applies to administrative hearings under the Social Security Act. 5 U.S.C. § 554 (1977); 42 U.S.C. § 405(b) (Supp.1983). Section 4(c) of the APA, 5 U.S.C. § 556(d) (1977), provides, in relevant part, that: "Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof." Section 4(b) of the APA, 5 U.S.C. § 551(6) defines the word "order" to mean: "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing." A determination by the Secretary that a claimant is no longer disabled and that benefits must be terminated meets this definition of "order." Accordingly, under the APA, the Secretary has the burden of showing that the claimant is not disabled.

■ Nothing that we have said conflicts with the statement in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), that a claimant "bears a continuing burden of showing ... that he has a physical or mental impairment," *id.* at 336, 96 S.Ct. at 903, and that "[i]n order to remain eligible for benefits [he] must demonstrate that he is [disabled]," *id.* at 343, 96 S.Ct. at 907. The presumption that Dotson is still disabled does not affect the ultimate burden of proof. *Patti v. Schweiker,* 669 F.2d at 587. We simply hold that the presump-

tion requires the Secretary to come forward with evidence that Dotson is not disabled.

Accordingly, the judgment of the district court is reversed and this case is remanded[2] for a new hearing.

REVERSED AND REMANDED.

2. Because of our disposition of this case, we do not decide what effect the additional medical reports in the record made subsequent to the initial finding of disability may have on remand. That is a determination to be made by the Secretary in the first instance. *E.g., Feder-al Power Commission v. Idaho Power Co.,* 344 U.S. 17, 20, 73 S.Ct. 85, 86, 97 L.Ed. 15 (1952); *Presbyterian Hosp. v. Harris,* 638 F.2d 1381, 1389 (5th Cir.), *cert. denied,* 454 U.S. 940, 102 S.Ct. 476, 70 L.Ed.2d 248 (1981).