Daniel R. RHOADES, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. No. 83–7–C.

United States District Court,
S.D. Iowa, C.D.

March 2, 1984.

William J. Conroy, Jr., Des Moines, Iowa, for plaintiff.

Richard C. Turner, U.S. Atty., Des Moines, Iowa, Caroline P. Egli, Asst. U.S. Atty., Paul P. Cacioppo, Regional Atty., Region VII, Kansas City, Mo., for defendant.

## RULING AND ORDER

STUART, Chief Judge.

Plaintiff brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) finding that his entitlement to a period of disability and disability insurance benefits had ceased as of December 1981.

Plaintiff had previously been found to be under a disability commencing February 2, 1973. Pursuant to a continuing disability investigation, it was determined that plaintiff was no longer disabled as of November 1981 and his entitlement to benefits ceased at the end of January 1982. The Administrative Law Judge (ALJ) determined, based on recent administrative policy, that plaintiff's disability had ceased in December 1981, and benefits stopped February 1982. The ALJ's decision became the final decision of the Secretary in this case when it was approved by the Appeals Council on November 9, 1982. This action was commenced January 7, 1983.

Although this is a termination of benefits case, the ALJ and the parties in their original briefs treated the case in the same manner an original claim for Social Security disability benefits would be treated.

After reading the record, the Court failed to find any evidence that plaintiff's conditions upon which he had been granted Social Security disability benefits had improved. The Court gained the impression that what was done by the ALJ in this instance was to reevaluate the plaintiff's original disability determination in the light of new administrative policy and decide that such disability was not disabling under that policy by applying the "grid". As the Court was aware of considerable authority which gave the recipient the benefit of a presumption that the disabling condition continued, the Court ordered supplemental briefs relating to the burden of proof and the burden of going forward with the evidence in termination cases. The supplemental briefs have been filed. Plaintiff moved to strike the defendant's supplemental brief as untimely. Plaintiff has shown no prejudice and the Court is primarily concerned with getting the parties' views as to the law. The Court will deny the motion to strike and decide the matter after consideration of the briefs.

Except for one paragraph which cites three cases and is six lines long, the Secretary's brief deals with legislative history and the general proposition that when Congress amends a statute without altering a known administrative construction of that statute it may be fairly said to have ratified the agency's construction. The Secretary ignored the myriad of cases which deal with the issue raised by the Court.

The Court has now examined those cases and is of the opinion that the law governing consideration of cases involving termination of existing disability benefits is as hereinafter set out.

A disability claimant bears not only the burden of proving initial entitlement to disability insurance benefits but also of proving that the disability for which benefits have previously been received continues and that the claimant remains entitled to such benefits. *Dotson v. Schweiker*, 719 F.2d 80, 82 (4th Cir.1983); *Brown v. Heckler*, 713 F.2d 441, 442 (9th Cir.1983); *Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir.1982); *Patti v. Schweiker*, 669 F.2d 582, 586 (9th Cir.1982); *Weber v. Harris*, 640 F.2d 176, 177 (8th Cir.1981). However, a prior finding of entitlement or nonentitlement to benefits is res judicata as to the findings made on the evidence present-

ed to the ALJ at the time the finding is made. *Lyle v. Secretary of Health & Human Services,* 700 F.2d 566, 568 (9th Cir. 1983); *Wilson v. Califano,* 580 F.2d 208, 210–11 (6th Cir.1978); *Benko v. Schweiker,* 551 F.Supp. 698, 701 (D.N.H.1982).

■ A claimant may not refile a claim for disability during a particular period when his claim for that period has been denied by claiming that a mistake was made in denying him benefits in the first place. *Dotson v. Schweiker, supra,* 719 F.2d at 81; *Lyle v. Secretary of Health & Human Services, supra,* 700 F.2d at 568; *Wilson v. Califano, supra,* 580 F.2d at 210–11. Consequently, "[i]t would be wrong for the Secretary to terminate an earlier finding of disability on no basis other than reappraisal of earlier evidence".[1] *Miranda v. Secretary of Health, Education & Welfare,* 514 F.2d 996, 998 (1st Cir.1975) (in unnumbered footnote); *see also Dotson v. Schweiker, supra,* 719 F.2d at 81–82.

■ Therefore, a recipient of disability benefits is entitled to a rebuttable presumption that the disabling condition continues, *Dotson v. Schweiker, supra,* 719 F.2d at 82; *Brown v. Heckler, supra,* 713 F.2d at 442; *Iida v. Heckler,* 705 F.2d 363, 365 (9th Cir.1983); *Simpson v. Schweiker, supra,* 691 F.2d at 969, and the Secretary must come forward with substantial evidence to rebut or meet that presumption in order to justify the termination of benefits. *Dotson v. Schweiker, supra,* 716 F.2d at 82; *Brown v. Heckler, supra,* 713 F.2d at 442; *Iida v. Heckler, supra,* 705 F.2d at 365; *Patti v. Schweiker, supra,* 669 F.2d at 587; *see also Weber v. Harris, supra,* 640 F.2d at 178. The Secretary's evidence may consist of: (1) current evidence showing the recipient's health has improved to the point that he is able to engage in gainful employment, or (2) evidence that claimant's condition is not as serious as was first supposed. *Weber v. Harris, supra,* 640 F.2d at 178 (quoting *Miranda, supra,* at

998); *Benko v. Schweiker, supra,* 551 F.Supp. at 702; *Musgrove v. Schweiker,* 552 F.Supp. 104, 106 (E.D.Pa.1982). If the Secretary's evidence relates to the second issue, the Secretary must make an affirmative showing that the original impairment (1) was difficult to diagnose and (2) not as severe as originally thought, as demonstrated by (3) new and material evidence. *Benko v. Schweiker, supra,* at 702. The Secretary cannot successfully rebut the presumption raised from the original disability finding by merely offering the opinions of other physicians based on the evidence presented at the first hearing. "To conclude otherwise would permit the Secretary to submit the same medical evidence to different physicians time and time again until the Secretary obtains a favorable result." *Dotson v. Schweiker, supra,* 719 F.2d at 82; *Benko v. Schweiker, supra,* 551 F.Supp. at 702. "After a final determination of disability, if a termination of benefits is effected without a showing of either improvement or newly-discovered evidence, such a termination must necessarily be based on whim, caprice or an impermissible relitigation of facts and determinations already finally decided." *Musgrove v. Schweiker, supra,* 552 F.Supp. at 106; *see* also, *Simpson v. Schweiker, supra,* 691 F.2d at 969.

■ However, the burden of persuasion always remains on the claimant and the ultimate question before the Court is whether, in the context of the foregoing principles, there is substantial evidence to support the Secretary's decision. *Dotson v. Schweiker, supra,* 719 F.2d at 82; *Ransom v. Heckler,* 715 F.2d 989, 992 (5th Cir.1983); *Patti v. Schweiker, supra,* 669 F.2d at 586.

■ There is no evidence in the record showing that the recipient's health has improved to the point that he is able to engage in gainful employment. The record shows, in fact, that his condition has deteri-

---

**1.** *Kuzmin v. Schweiker,* 714 F.2d 1233, 1238 (3d Cir.1983) appears to be to the contrary. However, the Court points out that the Secretary's

change in the regulations still require that a determination that a disability has stopped be based on *new evidence. Id.* at 236 n. 1.

orated. There is no evidence tending to prove that claimant's condition is not as serious as was first supposed. The Secretary has failed to make an affirmative showing that the claimant's impairments were difficult to diagnose, and were not as severe as originally thought by the introduction of new and material evidence.

In the Court's opinion the Secretary has failed to come forward with any evidence to rebut the presumption of continuing disability. The final decision of the Secretary is reversed and the plaintiff is entitled to Social Security disability benefits from the date that his payments ceased.

IT IS SO ORDERED.