Linnie K. ROBINSON, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. No. 83–0265 P.

United States District Court, D. Maine.

June 22, 1984.

N. Paul Gauvreau, Burke & Gauvreau, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## ORDER DISMISSING ACTION

GENE CARTER, District Judge.

This is an action brought under Sections 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for review of the "final decision" of the Secretary of Health and Human Services affirming the decisions of the Social Security Administration Administrative Law Judge (ALJ) and the Appeals Council that Plaintiff's disability insurance benefits be terminated because she was no longer "disabled" within the

meaning of Sections 216(i) and 223(d)(1) of the Act, 42 U.S.C. §§ 416(i), 423(d)(1). It is admitted that Plaintiff has exhausted her administrative remedies. In accordance with the statute, the Secretary has filed as part of the answer a certified copy of the transcript of the record, including the evidence upon which the findings and decisions are based. Both parties have moved for summary judgment; and Plaintiff has also moved for a remand. Neither party has requested oral argument. *See* Local Rule 12(b).

 The Court has reviewed and considered the entire record, including the transcript of the administrative proceedings and the briefs submitted by counsel. In reviewing the Secretary's decision, this Court must determine whether the ALJ's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128 (1st Cir.1981); *Velez v. Secretary of Health, Education and Welfare*, 608 F.2d 21, 23 (1st Cir.1979). Judicial review is limited, and this Court must affirm the Secretary's decision if the agency's findings are supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). To afford meaningful review, the Secretary must provide full and detailed findings in support of the agency's conclusion. *Small v. Califano*, 565 F.2d 797, 801 (1st Cir.1977).

 In a proceeding for termination of benefits previously awarded as a result of the Secretary's prior finding of disability, the claimant is entitled to a rebuttable presumption that she continues to be disabled. *Dotson v. Schweiker*, 719 F.2d 80 (4th Cir. 1983); *Patti v. Schweiker*, 669 F.2d 582, 586 (9th Cir.1982). While claimant bears a continuing burden of showing a physical or mental impairment in order to remain eligible for benefits, *Mathews v. Eldridge*, 424 U.S. 319, 326, 96 S.Ct. 893, 898, 47 L.Ed.2d 18 (1976), once the Secretary has made an initial determination that claimant is dis-

abled, the Secretary must come forward with evidence to meet or rebut the presumption that disability continues before benefits can be terminated. *Dotson v. Schweiker*, 719 F.2d, at 82. In this Circuit, evidence which would permit the Secretary to terminate benefits may consist of either current evidence of improvement to the point where claimant is able to perform substantial gainful activity or evidence that claimant's condition is not as serious as first supposed. *Miranda v. Secretary of HEW*, 514 F.2d 996, 998 (1st Cir.1975).

 Here, the Court finds the Secretary has come forward with sufficient current evidence to rebut the presumption of continued disability. Substantial evidence in the record supports the findings of the ALJ that a period of disability beginning February 22, 1978, had ceased as of July 1982. The Court further concludes that the findings made by the agency in this case adequately support the determination of the ALJ that Plaintiff is no longer disabled within the meaning of the Social Security Act.

Plaintiff is a fifty-seven year old former high school English teacher who predicates her claim to disability benefits upon coronary heart disease, vascular hypertension, high blood pressure, and diabetes mellitus. Additionally, she complains of chest pain and constant fatigue. The ALJ found, however, that her medical impairments were adequately controlled by medication and that her nonexertional limitations do not prevent her from engaging in substantial gainful activity. Contrary to Plaintiff's assertions, this Court finds that the ALJ properly evaluated Plaintiff's impairments in accordance with the applicable statutes and regulations. *See Bormey v. Schweiker*, 695 F.2d 164, 168 (5th Cir.1983).

In evaluating Plaintiff's claim for a period of disability and disability insurance benefits, the ALJ adhered to the sequential step analysis outlined in 20 C.F.R. § 404.-1520 (1983). *See Goodermote v. Secretary of Health and Human Services*, 690 F.2d 5 (1st Cir.1982). Based upon medical evidence that Plaintiff suffers from aortic val-

vular disease, paroxymal atrial tachycardia, hypertension, and diabetes mellitis, the ALJ concluded that this combination of disorders would qualify as a "severe impairment" significantly limiting Plaintiff's ability to perform basic work activities. *See* 20 C.F.R. § 416.921 (1983).

Next, considering the fact that Plaintiff's coronary condition and hypertension were controlled by medication and her diabetes could be effectively treated with insulin, the ALJ determined that none of these impairments, either singly or in combination, either met the criteria of, or was medically equivalent in severity to, an impairment described in the Listing of Impairments set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. Applying the Secretary's Medical-Vocational Guidelines (the "Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 2, Rule 201.07, as well as the testimony of a vocational expert, the ALJ ruled that in light of Plaintiff's age education and work experience, she retained the residual functional capacity to perform sedentary work. Record at 11.

▇▇▇▇ The record discloses substantial evidence to support the ALJ's evaluation of both Plaintiff's exertional and nonexertional impairments. Dr. Joseph Kirkpatrick, one of Plaintiff's treating physicians, stated in his report that while Plaintiff's cardiac condition might prevent her from returning to her former job as a teacher, "there are other jobs she perhaps might be able to function at quite well." Record at 103. Similarly, Dr. August Valenti wrote that it would be unlikely Plaintiff could find suitable employment, but does not assert that Plaintiff would be physically incapable of performing sedentary work. The ALJ, however, is bound by statute to evaluate a claimant's case solely on the basis of her medical condition without regard to whether any specific job vacancy may exist. 42 U.S.C. § 423(d)(2)(A). Finally, while Dr. Theodore Kowitz concluded Plaintiff's condition would prevent her from engaging in any full-time occupation, it is the function of the ALJ to resolve conflicts in the medical testimony and make an independent determination regarding the ultimate question of disability. *Sitar v. Schweiker,* 671 F.2d 19, 22 (1st Cir.1982); *Tremblay v. Secretary of Health and Human Services,* 676 F.2d 11 (1st Cir.1982). Here, the medical testimony and laboratory tests support the ALJ's determination after applying the "Grid" regulations that Plaintiff's exertional limitations were not disabling.

▇▇▇▇ Plaintiff contends that the ALJ failed to give sufficient weight to her testimony at the hearing, including specifically her allegations of pain, dizziness and constant fatigue. Under 20 C.F.R. § 404.1529 (1983), the ALJ may consider only those symptoms of pain which can be directly traced to a medically determinable impairment. None of the physicians who examined Plaintiff, however, was able to diagnose a medical impairment which could reasonably be expected to produce the symptoms of chest pain asserted by Plaintiff. Accordingly, the ALJ properly excluded Plaintiff's complaints of chest pain from his evaluation of her condition. The ALJ also discounted Plaintiff's complaints of dizziness and fatigue. In reviewing such subjective factors, the evaluation of the ALJ is entitled to particular attention. *See Sherwin v. Secretary of Health and Human Services,* 685 F.2d 1, 3 (1st Cir.1982). Here, from the ALJ's evaluation of the medical testimony, Plaintiff's testimony regarding her daily activities and his own observations of Plaintiff at the hearing, the ALJ had a reasonable basis to conclude that Plaintiff remains capable of performing sedentary work.

▇▇▇▇ Plaintiff also argues that the ALJ erred in evaluating the adjustment required for her to shift from teaching to sedentary work. It is clear from the record, however, that the ALJ was guided by the proper standards in questioning the vocational expert. *See also Arocho v. Secretary of Health and Human Services,* 670 F.2d 374 (1st Cir.1982).

On the basis of the foregoing reasoning, it is *ORDERED* that the decision of the Secretary is AFFIRMED, 42 U.S.C.

§ 405(g); Defendant's motion for summary judgment is GRANTED; Plaintiff's motion for summary judgment is DENIED; and the Clerk of this Court is directed to enter judgment AFFIRMING the decision of the Defendant Secretary and DISMISSING the Complaint.

So ORDERED.