Rufus PACK, Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human
Services, Appellee.

No. 84–1082.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1984.

Decided July 31, 1984.

Hazel A. Straub, Charleston, W.Va.
(Franklin W. Kern, L.C., Charleston,
W.Va., on brief), for appellant.

Marye L. Wright, Asst. U.S. Atty.,
Charleston, W.Va. (David A. Faber, U.S.
Atty., Charleston, W.Va., on brief), for ap-
pellee.

Before WINTER, Chief Judge, CHAP-
MAN, Circuit Judge, and MICHAEL,* Dis-
trict Judge.

HARRISON L. WINTER, Chief Judge:

Pursuant to 42 U.S.C. § 405(g), Rufus
Pack seeks review of the final decision of
the Secretary of Health and Human Servic-
es denying his entitlement to continued
payment of Social Security disability insur-
ance benefits. Pack appeals the district
court's entry of a summary judgment in
favor of the Secretary. We conclude that
Pack, because of an earlier determination
of disability, was entitled to a presumption
of continuing disability and was deprived of
that presumption in the Secretary's review.
However we conclude that it is unneces-
sary for the case to be tried anew. Be-
cause the record plainly demonstrates both

* Honorable James H. Michael, Jr., United States
District Judge for the Western District of Virgin-
ia, sitting by designation.

that Pack has substantial impairments and that his physical condition has deteriorated since the previous determination of disability, we reverse and direct reinstatement of Pack's benefits.

## I.

In his 1980 application for disability benefits, Pack alleged inability to work beginning on January 15, 1974. The medical evidence establishes that Pack currently suffers from the following impairments: mental retardation with an I.Q. of 60, moderate hearing loss, a loss of vision in the right eye with correctable 20/70 vision in the left eye, and minimally obstructive pneumoconiosis. Pack also complains of severe stomach and chest pain and was operated on for a hernia in 1974. Pack is illiterate and capable only of simple mathematics such as that involved in making change.

After a hearing and a medical examination, an administrative law judge ruled that Pack was not entitled to benefits in an opinion issued on September 17, 1980. That decision became final when it was approved by the Appeals Council on December 17, 1980. Thereafter, Pack filed this action in the district court. While his case was pending, Pack's counsel learned that Pack had received Supplementary Security Income (SSI) based upon a finding of disability in 1974. Pack received SSI benefits from December of 1975 until 1979 when those benefits were terminated because he no longer met the income requirements due to an intervening award of black lung benefits. Pack asserted that the initial determination of disability should have entitled him to disability insurance benefits as well as SSI beginning in December of 1975. Accepting this argument, the district court remanded the case for further consideration by the Appeals Council.

Upon reconsideration, the Appeals Council determined that Pack had indeed been found disabled in the original proceeding. Accordingly, he was retroactively awarded disability benefits beginning December 1, 1975. The Appeals Council held:

that the doctrine of collateral estoppel must be applied in this case. Therefore, the Council is prepared to issue a title II decision finding that Mr. Pack first became disabled within the meaning of the Social Security Act, on December 1, 1975, coinciding with the first month he became eligible for Supplemental Security Income benefits.

However, the Council also concluded that Pack's " 'disability' ceased on September 17, 1980, the date of the administrative law judge's decision." Though the Council disclosed that the file containing the original eligibility determination "can not be located at the present time", it concluded that evidence from before and after that award demonstrates that the original award "was incorrect." Thus, the Appeals Council retroactively awarded disability benefits solely because of the collateral estoppel effect of the prior finding of disability. It effectively transformed the second administrative determination into a hearing to terminate those benefits and found that the evidence was sufficient to show that Pack was not disabled.

Pack did not contest the retroactive award of disability benefits but returned to the district court to contest the cessation of those benefits. Faced with cross-motions for summary judgment, the district court affirmed the Secretary's decision on November 15, 1983. It is from that judgment that Pack appeals contending that: he was denied due process at the second administrative hearing, he clearly meets the requirements for disability within the Act, the district court erred in its cursory review of the facts, and the Secretary and the district court failed to consider Pack's impairments in combination.

We agree that Pack was denied the procedural safeguards to which he was entitled and we think that the record amply demonstrates that Pack's condition has worsened since 1975. Because these factors alone are sufficient to warrant reversal and reinstatement of benefits, we do not reach any of Pack's other contentions.

## II.

When the 1980 administrative hearing and subsequent medical examination were conducted, all parties believed that Pack was applying for benefits he was not then receiving. After a remand from the district court, the Secretary concluded that there had been a ruling in 1975 that Pack was disabled within the meaning of the Act. Accordingly, Pack was retroactively awarded disability benefits as of the date of that previous determination. The Secretary then characterized the administrative proceeding in this case as one to decide whether those benefits should be terminated, even though none of the parties viewed it this way at the time.

In a proceeding to terminate benefits, the recipient is provided a number of procedural safeguards set forth in 20 C.F.R. 404.-1588 *et seq.* These protections include *inter alia:* advance notice of termination and the right to request reconsideration, §§ 404.1595–404.1597. Needless to say, the procedures for terminating benefits were not followed in this administrative proceeding because no one knew that there had been a previous finding of disability at the time the proceedings were conducted.

Perhaps the most important safeguard that was denied Pack because of the posture of this case was the presumption of continuing disability to which he was clearly entitled. In *Dotson v. Schweiker,* 719 F.2d 80 (4 Cir.1983), we ruled that an initial determination of disability gives rise to a presumption that a recipient is still disabled at the time of the second hearing. This presumption "requires the Secretary to come forward with evidence that [Pack] is

not disabled." *Id.* at 83. In *Dotson,* we agreed with the Ninth Circuit's reasoning in *Patti v. Schweiker,* 669 F.2d 582 (9th Cir.1982). *Id.* at 81 and 83. In *Patti,* the court reasoned that this presumption required the Secretary to come forward with evidence that the claimant's "condition had improved in the interim." 669 F.2d at 587.[1]

In this case, the Secretary obviously came forward with no such evidence of improvement in Pack's condition. Indeed, the record clearly demonstrates that Pack's condition has significantly deteriorated since the 1975 disability determination. Since 1975, Pack has completely lost the vision in one of his eyes and experienced partial loss of vision in the other eye.[2] Furthermore, we are at a loss to see how the Secretary, short of proof that Pack presently has no substantial impairments, could ever come forward with a showing that Pack's condition has improved in light of her admission that the original file, in which the initial finding of disability is located, cannot be found.

The Secretary's attempts to justify her position are unpersuasive. First, the Secretary suggests that "it is not at all clear that the doctrine of collateral estoppel is applicable" to begin with. This line of argument is particularly untenable in light of the fact that the Secretary has conceded earlier in the case that she is bound by the previous determination of disability. We decline to permit the Secretary to recant when benefits have already been retroactively restored on the basis of this concession.

**1.** In both *Dotson* and *Patti* the courts acknowledge that a claimant "bears a continuing burden of showing that he has a physical or mental impairment", *Mathews v. Eldridge,* 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). The presumption does not affect the ultimate burden of proof but imposes an initial burden on the Secretary to come forward with evidence that conditions have changed since the initial determination. *Patti,* 669 F.2d at 587.

**2.** The fact that Pack's vision deteriorated was overlooked by the district court which concluded: "Claimant apparently suffered from these

impairments when he worked at his past various jobs as a janitor and it does not appear from the evidence that any of his impairments occurred since he last worked." The Secretary concedes this was error but concludes: "when he lost the vision in his right eye is legally irrelevant since it is not a severe impairment." We are unable to comprehend the logic of the Secretary's contention. The legal relevance is plainly that Pack's condition deteriorated rather than improved since the initial disability determination.

The Secretary further contends: "any benefits which were terminated were SSI benefits" and that "Pack does not contend that when his SSI benefits were terminated he did not receive the requisite notice of his rights..." The procedural protections afforded during the termination of Pack's SSI benefits are not now at issue, and therefore, the Secretary's argument is obviously beside the point. True, Pack's previously awarded SSI benefits were presumably terminated through the proper procedures in 1979 when he began receiving black lung benefits. However, in this case the Secretary determined that Pack was retroactively entitled to disability benefits *along with* SSI benefits because of the original 1975 finding of disability. The Secretary does not contend that the disability benefits should have been terminated in 1979 along with the SSI benefits. Rather, she argues that the disability hearing on September 17, 1980 is the point at which disability benefits were properly terminated. Thus, there were disability benefits which were terminated and that termination was accomplished when the Appeals Council transformed the September 1980 decision from one denying entitlement to one terminating benefits. Pack was deprived of these benefits without the procedural safeguards to which he was entitled.

## III.

It is manifest that a fifty-seven-year-old man who is: blind in one eye, deaf, has an I.Q. of 60, and a case of black lung, has substantial impairments. In addition, the record does not show that Pack's condition has improved. The Secretary's loss of the original file and the obvious deterioration in Pack's condition make it so remote that the Secretary will ever be able to come forward with any showing of improvement that the summary judgment entered by the district court is reversed with directions to instruct the Secretary to restore Pack's disability benefits.

REVERSED WITH DIRECTIONS.