Angelina **CARRILLO**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant.

No. 81 Civ. 1679 (JFK).

United States District Court, S.D. New York.

Nov. 21, 1984.

---

David Goldfarb, Legal Aid Society, New York City, for plaintiff; Ian F. Feldman, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., Mark S. Sochaczewsky, Sp. Asst. U.S. Atty., New York City, for defendant.

## OPINION AND ORDER

KEENAN, District Judge:

This is an action brought by plaintiff under § 205(g) of the Social Security Act, as amended (the "Act"), 42 U.S.C. § 405(g), for review of a final determination of the Secretary of Health and Human Services (the "Secretary") that denied plaintiff's application for federal disability insurance benefits.

The action is currently before this Court upon a motion by the plaintiff for judgment on the pleadings, pursuant to rule 12(c) of the Federal Rules of Civil Procedure, reversing the determination of the Secretary on the ground that the decision was not supported by substantial evidence and upon a motion of the defendant for an order remanding this case to the Secretary.

## STATEMENT OF FACTS

On September 20, 1979, plaintiff Angelina Carrillo filed an application with the Social Security Administration ("SSA") of the Department of Health and Human Services for Disability Insurance benefits under title II of the Act, 42 U.S.C. §§ 401–431, as a disabled wage earner. She alleged an August 4, 1978 onset date, the month she last worked.

Her application was denied throughout the administrative appeals process which included a *de novo* hearing before an administrative law judge ("ALJ") of the SSA's Office of Hearings and Appeals ("OHA"). When the OHA's Appeals Council refused plaintiff's request to review the ALJ's October 10, 1980 decision, that decision became a final decision of the Secretary and reviewable by a district court under 42 U.S.C. § 405(g).

Plaintiff's court appeal resulted in a September 29, 1981 opinion and order (Robert

W. Sweet, J.) remanding her application to the Secretary for further administrative proceedings.

On remand, the case was heard by the same ALJ, who, on March 16, 1983, issued a recommended decision to the Appeals Council that plaintiff was disabled only as of August 1, 1982. He denied the remaining portion of her claim on the ground that her impairment was not severe prior to August 1, 1982. The Appeals Council adopted the ALJ's recommendation on July 29, 1983, but modified the date of the beginning of her disability to July 27, 1982.

Plaintiff then filed a supplemental complaint, reopening this action, and the Secretary filed a supplemental answer.

## THE MOTIONS

Plaintiff asserts two grounds for reversal of the Secretary's determination that she did not become disabled until August 1, 1982. The first ground is that the ALJ's findings on remand with respect to the period prior to August 1, 1982 were not in compliance with the opinion of the district court ordering remand. Second, plaintiff contends that the ALJ's finding that plaintiff was not disabled prior to August 1, 1982 was not supported by substantial evidence and that his evaluation was marred by the use of erroneous legal standards. The Secretary argues that the action should be remanded to the SSA because the regulation under which plaintiff was found to be not disabled prior to August 1, 1982 was later determined to be invalid. *See Dixon v. Heckler,* 589 F.Supp. 1494 (S.D.N.Y.1984). The Secretary argues that remand is appropriate so that plaintiff's alleged disability can be examined under the correct standard of law. For the reasons stated below, plaintiff's motion is granted and the motion of the Secretary is denied.

## DISCUSSION

In ruling on the appeal from the original determination of the Secretary, Judge Sweet found that the ALJ's decision that plaintiff was capable of returning to her work as a sewing machine operator was not supported by substantial evidence. More specifically, he found that the fact that plaintiff could prepare her own meals, occasionally did light shopping, if accompanied, and used public transportation to get to her own hearing did not constitute substantial evidence to discredit claimant's assertions of pain. He also found that the statement of plaintiff's treating physician that she was unable to return to work or otherwise seek renumerative employment was not contradicted by the evidence. Judge Sweet directed the Secretary to redetermine whether plaintiff could return to her former work.

### The Ruling on Remand

■ On remand, the ALJ found plaintiff to be disabled as of August 1, 1982 and granted her benefits from that date. The ALJ also found that Carrillo's impairments were not severe before August 1, 1982. He, thus, denied that part of plaintiff's claim that encompasses the period from August 4, 1978 to July 31, 1982 on the ground that she failed to meet her burden of establishing that her impairments were severe during that time period. In so ruling, the ALJ reversed his earlier, implicit finding that plaintiff's impairment was severe during that time period and went beyond the scope of Judge Sweet's remand order. Furthermore, in re-evaluating the severity of plaintiff's impairment, the ALJ disregarded Judge Sweet's directions concerning the treatment of plaintiff's testimony and the opinion of her treating physician.

■ Originally, the ALJ denied plaintiff's entire claim because she "had the capacity to return to her prior work." Under the five step analysis applied at the time of the ALJ's decision to determine a claimant's disability, the ALJ had to decide that plaintiff's impairment was severe before he could consider the question of whether she could return to her prior work. *See* 20 C.F.R. § 404.1520.[1] Thus a determi-

---

1. This regulation, mandating that a claimant be considered not disabled without regard to con-

nation that plaintiff's impairment was severe was implicit in the fact that he reached the issue whether she could return to her prior work.

■ No new evidence was introduced at the hearing on remand regarding plaintiff's impairment prior to August 1, 1982. In the absence of such evidence, plaintiff, having already carried the burden of proof as to the severity of her impairment in a prior hearing, is entitled to the benefit of a presumption that the original determination was correct. *See Heckler v. Lopez,* 463 U.S. 1328, 104 S.Ct. 10, 12, 77 L.Ed.2d 1431 (Rehnquist, J., Circuit Justice, 9th Cir. 1983); *De Leon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir.1984); *Dotson v. Schweiker,* 719 F.2d 80, 82 (4th Cir.1983); *Kuzmin v. Schweiker,* 714 F.2d 1233, 1237 (3d Cir.1983). There is no provision in the Act for correction of errors in the initial determination based on some arguably more informed, later review of the same evidence. *Mersel v. Heckler,* 577 F.Supp. 1400, 1404 (S.D.N.Y.1984). Thus, absent a finding by the district court on appeal that the initial determination was not based on substantial evidence or application of an erroneous legal standard, there is no reason or basis for evaluating an earlier finding based on the same evidence.

In addition, the remand order specifically stated the purpose for remand. That purpose did not include reconsideration of the severity of plaintiff's impairments. Reconsideration by the ALJ of that issue, therefore, was inconsistent with and beyond the scope of Judge Sweet's order. This was error. "On the remand of a case after appeal, it is the duty of the lower court or the agency from which the appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation." *Id. Mefford v. Gardner,* 383

F.2d 748 at 758 (6th Cir.1967). The ALJ failed to do this.

■ Furthermore, Judge Sweet implicitly affirmed the ALJ's original finding with regard to the severity of plaintiff's impairments prior to August 1, 1982 in his order of remand. His opinion did not state that the ALJ's finding of severity was not supported by substantial evidence. Such a finding was a prerequisite to deciding the issue of past relevant work under the regulations in existence at the time of Judge Sweet's determination.[2] Implicitly, therefore, he affirmed that finding. Such an affirmation establishes the "law of the case" which must be followed in subsequent proceedings. *Fogel v. Chestnutt,* 668 F.2d 100, 108 (2d Cir.1981), *cert. denied,* 459 U.S. 828, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982); *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir.1977). This principle applies to all matters decided by necessary implication as well as those addressed directly. *Fogel v. Chestnutt,* 688 F.2d at 108. It is immaterial that the ALJ's finding regarding the severity of the impairment was not challenged on appeal to the district court. If the evidence had been insufficient to support a finding that the impairment was severe the court would not have remanded the action to the ALJ for consideration of whether plaintiff could return to her prior work, but rather would have affirmed the ALJ's decision and treated the failure to properly consider whether plaintiff could return to work as harmless error. *Cf. Doe v. New York City Department of Social Services,* 709 F.2d 782, 788 (2d Cir.) (if plaintiff's evidence on liability was insufficient as a matter of law, court would not remand for new trial because of erroneous jury instructions), *cert. denied,* — U.S. ——, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

As the ALJ exceeded the scope of the remand order, did not follow the law of the

---

sideration of vocational factors or ability to return to her prior work, if the impairment was judged to be "not severe" based on medical criteria alone, 20 C.F.R. § 404.1520(c), has been invalidated. *Dixon v. Heckler,* 83 Civ. 7001 (S.D.N.Y. July 25, 1984).

**2.** This would not necessarily be true if the decision had been made after the severity regulation was invalidated. *See* note 1.

case and made a new finding without any basis therefor in ruling that plaintiff's impairments before August 1, 1982 were not severe, this Court reverses that ruling. Furthermore, this Court finds that the ruling is not supported by substantial evidence.

*The Severity of Plaintiff's Impairment*

■ A severe impairment is one which significantly limits a person's "physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1521(a). Such activities require "the abilities and aptitudes" necessary to do most jobs, "including walking, standing, sitting, pushing, pulling, reaching, carrying and handling." *Id.* § 404.1521(b).

There is ample evidence in the record to show that plaintiff's ability to grasp, a necessary ability for "handling", United States Department of Labor, *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles,* at 466 (1981), was severely restricted by her arthritis long before August 1, 1982. Dr. Sinha, plaintiff's treating physician, reported on August 15, 1980 that plaintiff's arthritis limited her hand movements. That report indicated that she was experiencing pain in her joints when he first examined her on April 3, 1979. In addition, Dr. Sinha's residual functional capacity report of March 26, 1980 indicated problems with pushing, pulling, gripping, and doing fine manipulations. Plaintiff herself testified at her first hearing as to the lost flexibility in her hands. Even Dr. Desai, the consultative examining physician, reported that plaintiff was unable to make a fist due to her impaired grasping movements.

■ The ALJ disregarded the reports of plaintiff's treating physician on the ground that they were "conclusory in nature and determinative of the ultimate issue" which as a matter of law "is reserved to the Secretary alone." Although it is ultimately the factfinder's responsibility to determine whether claimant is disabled, he may not discount conclusions as to disability made by an examining physician. "The opinion of the examining physician that the claimant is totally disabled, though phrased as an ultimate conclusion on the question presented, is entitled to consideration as an indication of how severe a patient's impairment was at the time of the examination." *Chiappa v. Secretary, H.E.W.,* 497 F.Supp. 356, 360 (S.D.N.Y.1980), *quoting Allen v. Weinberger,* 552 F.2d 781, 785 (7th Cir. 1977). Moreover, the medical reports of a claimant's treating physicians are particularly probative and should be given special weight, *Chiappa, supra,* 497 F.Supp. at 359, "because the continuity of treatment he provides and the doctor/patient relationship he develops place him in a unique position to make a complete and accurate diagnosis of the patient." *Mongeur v. Heckler,* 722 F.2d 1033, 1039 n. 2 (2d Cir. 1983). In general, the expert opinions of a treating physician are binding on the factfinder unless contradicted by substantial evidence. *Aubeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981); *McLaughlin v. Secretary, H.E.W.,* 612 F.2d 701, 705 (2d Cir. 1980). This is particularly true when, as here, other medical experts concur with the opinion of the treating physician. *De Leon v. Secretary,* 734 F.2d at 937–38; *Aubeuf v. Schweiker* 649 F.2d at 112.

The evidence relied upon by the ALJ that an outpatient evaluation from St. Barnabas Hospital which reported degenerative changes in the fourth and fifth phalangeal joints in plaintiff's hands, did not indicate that such degenerative changes interfered with plaintiff's ability to grasp, and the report of Dr. Desai that plaintiff's ability to grasp was slightly impaired does not constitute substantial evidence. This evidence, therefore, is insufficient to rebut the expert opinion of Dr. Sinha, the treating physician, that plaintiff was disabled prior to August 1, 1982 and the conclusions of doctors Hale and Simon.

■ The ALJ also disregarded plaintiff's subjective allegations of dysfunction, including pain, as not credible. The ALJ need not accept as true a claimant's unsupported subjective complaints and descriptions of symptomology. Such evidence may be evaluated with due consideration of

credibility, motivation, and medical evidence of impairment. *McLaughlin v. Secretary*, 612 F.2d at 705. However, the claimant's testimony should not be discredited where it is corroborated by substantial evidence. In this regard, the trier of fact must consider all of the evidence. "Pain itself may be so great as to merit a conclusion of disability where a medically ascertained impairment is found, even if the pain is not corroborated by objective medical findings." *Rivera v. Schweiker*, 717 F.2d 719, 724 (2d Cir.1983).

■ In this case, the ALJ disregarded plaintiff's testimony that pain in her hands and back and angina forced her to stop working in August, 1978 on the grounds that her testimony was not supported by objective medical findings.[3] Such evidence is not needed, however, to support subjective evidence of pain. *Nunn v. Heckler*, 732 F.2d 645, 648 (2d Cir.1984). Thus the ALJ did not state a proper basis for discrediting plaintiff's testimony concerning her dysfunctions. This is particularly true in light of the fact that her testimony was corroborated by the diagnosis of her treating physician.

■ Furthermore, before plaintiff left her job, she had been working continuously for thirty six years. If a claimant has a good employment history, she is entitled to substantial credibility with regard to her disability and the reasons she gives for no longer being able to work. *Rivera v. Schweiker*, 717 F.2d at 725, *Singletary v. Secretary*, H.E.W., 623 F.2d 217, 219 (2d Cir.1980). The Court finds that the ALJ did not give plaintiff's testimony the credibility to which it was entitled, considering the corroborating evidence that was before him and plaintiff's work history.

The Court finds that the ALJ's original finding regarding the severity of plaintiff's impairment from August 4, 1978 to August 1, 1982 was supported by substantial evidence and that the ALJ erred in reconsidering the severity of her impairment during that time period. The fact that the ALJ applied a now invalidated legal standard after finding that the impairment was not severe is, thus, not a proper basis for remand. The ALJ never should have reopened the issue to which that standard is applicable. Remand for the purpose of applying the proper legal standard when, in light of this Court's ruling, that standard will have no effect on the disposition of the action would be needlessly time consuming and wasteful. Defendant's motion for an order remanding the action under *Dixon v. Heckler*, therefore, is denied.

*Plaintiff's Ability to Return to Her Past Work*

The Court also finds that a remand for the purpose of determining whether plaintiff could return to her past work would be wasteful.

■ Judge Sweet remanded this action for the determination whether plaintiff was capable of returning to her past work as a sewing machine operator because he found that the ALJ's finding in that regard was not supported by substantial evidence. He directed the ALJ to credit plaintiff's assertions of pain and the opinions of her treating physicians. Rather than following these directions, the ALJ disregarded the statements of plaintiff and the opinions of doctors Hale and Sinha at the remand hearing. In light of this fact, remand for reconsideration of whether plaintiff could have returned to her past work with the same directions would be needlessly time consuming. The Court has no assurance that the Secretary would follow the same directions this time.

■ No new evidence was adduced on remand that was relevant to the issue of plaintiff's ability to return to her past work during the time in question. In the absence of such evidence, Judge Sweet's ruling that a finding that she could return to work was not supported by substantial evidence still applies. Furthermore, the only

---

**3.** Interestingly enough, although the ALJ found plaintiff's testimony not credible, he did not doubt her sincerity as a witness.

evidence in the record that relates directly to plaintiff's ability to return to her past work during the time in question is her testimony and that of Dr. Sinha. That evidence demonstrates that she was unable to return to her prior work. There is no contradictory evidence in the record. As the opinion of the treating physician is determinative unless contradicted by substantial evidence, *Aubeuf v. Schweiker,* 649 F.2d at 112, and no contradictory evidence was adduced at the remand hearing, the Court finds that remand for further evidence or re-evaluation of the same evidence would serve no purpose. Judge Sweet has already ruled that this evidence does not support a finding that she could return to her past work.

Once a claimant has satisfied his burden of proving that his impairments render him unable to perform his past employment, the burden shifts to the defendant to prove that the claimant can perform other work, considering his remaining physical and mental capacity, age, education, experience and training. 20 C.F.R. § 404.1520(f)(1); *Dumas v. Schweiker,* 712 F.2d 1545, 1550 (2d Cir.1983); *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982). The ALJ has already found that plaintiff has a high school education, is without transferable skills, was born in 1923, and, after August 1, 1982, had the residual functional capacity to do only sedentary work. He also found that the sedentary jobs that she might be able to perform do not exist in significant numbers in the economy and, thus, are not viable work alternatives.

The only evidence in the record with regard to plaintiff's residual functional capacity prior to August 1, 1982 is that submitted by Dr. Sinha. This evidence at most suggests that plaintiff was capable of sedentary work at that time. *See* 20 C.F.R. § 404.1567(a). Because plaintiff was of an advanced age, could no longer perform relevant past work, had no transferable skills and was capable only of sedentary work during the relevant time period, she was disabled at that time. *See* 20 C.F.R. § 201.00(g).

The Court agrees with plaintiff that no further purpose would be served by remanding her application for further administrative proceedings. Her application for benefits was filed five years ago. At the last hearing on remand, the ALJ disregarded the directions of Judge Sweet and reopened the entire proceeding. The Court sees no reason to prolong "the often painfully slow process by which disability determinations are made," *Carroll v. Secretary of Health and Human Services,* 705 F.2d 638, 644 (2d Cir.1983), any further in this action. The decision of the Secretary is reversed and the action is remanded to the Secretary for an award of benefits for the period from August 4, 1978 to July 27, 1982, and the action herein is discontinued.

SO ORDERED.