Lydia PENZES, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 82 Civ. 8530 (SWK).

United States District Court, S.D. New York.

Oct. 7, 1985.

Meltzer & Fishman, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for Southern Dist. of New York, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act") as amended, 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services (the "Secretary"). The Secretary denied plaintiff's application for federal disability insurance benefits. Plaintiff, after filing the instant action, moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Before the plaintiff's motion for judgment on the pleadings was decided, Judge Lasker issued his decision in *Dixon v. Heckler,* 589 F.Supp. 1494 (S.D.N.Y.1984). In *Dixon,* the court held that the "severity regulations" [1] traditionally used by the Secretary in evaluating a claimant's disability were invalid. The court ordered the Secretary to consent to remand or to move to

---

1. 20 C.F.R. §§ 404.1520(c), 416.920(c) (1983). Under these regulations, claims for disability benefit programs were denied if the claimant's impairment was judged to be "not severe" based on medical criteria alone. The Second Circuit has reserved decision on the legality of these regulations on at least two occasions. *See Keith v. Heckler,* 732 F.2d 1089, 1093–94 (2d Cir.1984); *Chico v. Schweiker,* 710 F.2d 947, 952–53 (2d Cir.1983).

remand all cases where these regulations were used to deny disability benefits. Since the Secretary had used these severity regulations to deny the instant plaintiff disability benefits, the Secretary, in accordance with *Dixon*, moved to remand.

Plaintiff opposed the Secretary's motion to remand, claiming that the record developed in proceedings before the Social Security Administration established a sufficient basis for reversing the Secretary's decision. Alternatively, plaintiff argues that the Court should remand with specific instructions to correct the legal errors committed below. The Court accepts the plaintiff's alternative argument and remands this case to the Secretary for proceedings consistent with the instructions set forth in this opinion.

## –BACKGROUND–

Plaintiff is a 59 year old female who lives with her husband in Putnam Valley, New York. After graduating from high school, she attended college at night while living in her native country, Hungary. She moved to the United States in 1956.

Plaintiff states that in approximately 1957 she was employed as a haircutter in a beauty parlor. Upon the recommendation of her physician, plaintiff left her job in 1969 because of extreme pain in her hands. She then obtained a secretarial position which included typing and clerical duties until 1978, when she had a carpal tunnel syndrome operation to alleviate the pain in her right hand. She has not been hospitalized since this operation. Thereafter, plaintiff worked part-time until March 27, 1981, when she stopped working, even on a part-time basis, due to extreme pain and swelling in her hands.

Plaintiff applied for disability insurance benefits on July 22, 1981. Her application was denied initially and after reconsideration. She obtained a hearing on June 22, 1982 before Administrative Law Judge Emanuel Tannenbaum (hereinafter "ALJ").

In his opinion of August 12, 1982, the ALJ found that plaintiff did not have a "severe impairment." [2] *See* p. 12 of Administrative Record. The ALJ stated that plaintiff did not have an impairment which significantly limited her ability to perform work-related functions. Although he found that plaintiff could not return to work as a typist, he stated she "can perform as a secretary doing clerical work." *See* p. 12 of Administrative Record.

The ALJ also evaluated plaintiff's allegations of pain, after considering her symptoms, appearance, demeanor, credibility, and description of her daily activities. The ALJ ruled that the totality of the evidence did not establish that the claimant was experiencing pain of such severity and frequency as to prevent her from engaging in substantial gainful activity. *See* p. 12 of Administrative Record. The ALJ's decision became final when the Appeals Council denied plaintiff's request for review.

## –DISCUSSION–

Since the claimant falls within the parameters of *Dixon v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y.1984), this case is remanded to the Secretary for reconsideration. Upon remand, the severity of the plaintiff's impairment will be determined after considering her age, education and work experience.

In reconsidering the plaintiff's disability, the ALJ must follow the analytical framework outlined by the Second Circuit:

Initially, the ALJ should see whether the treating physician has determined that the claimant is disabled. He should then examine the record for conflicting evidence. Upon finding conflicting evidence, he should compare the probative value of the treating physician's opinion with the probative value of the conflicting evidence. He should do so with the recognition that the treating physician's determination is generally "entitled to

2. Under the severity regulations, claimant's initial burden was to show that her impairment was severe. By failing to satisfy this standard, the claimant could not be found to be disabled. 20 C.F.R. § 404.1520(c)(1983).

more weight than that of a doctor who has only seen the claimant once ...". *Bluvband v. Heckler*, 730 F.2d 886, 893 (2d Cir.1984) (citation omitted).

 In this Circuit, the opinions of a treating physician as to the existence of a disability are binding on the factfinder unless contradicted by substantial evidence. *Bluvband v. Heckler*, 730 F.2d 886, 892 (2d Cir.1984); *Donato v. Secretary of Health & Human Services*, 721 F.2d 414, 419 (2d Cir.1983) ("we have regarded a treating physician's diagnosis, to the extent it is uncontradicted, as binding"). This is particularly true where, as here, other medical experts concur with the opinion of the treating physician. *See Carrillo v. Heckler*, 599 F.Supp. 1164, 1169 (S.D.N.Y.1984). Additionally, there is no requirement that the physician's medical testimony be supported by objective clinical or laboratory findings. *Bluvband*, 730 F.2d at 893.

In his decision, the ALJ referred to various parts of the plaintiff's treating physician's (Dr. Alexander S. Sebo) reports. However, he never mentioned the treating physician's conclusion that claimant was "disabled" and "unable to continue her job." *See* p. 93–94 of Administrative Record. This conclusion was reinforced by Dr. Milford Blackwell, who stated, "In my opinion, the patient is totally disabled." *See* p. 95 of Administrative Record. Thus, in reconsidering the plaintiff's claims, the Secretary is instructed to follow the analytical framework set forth in *Bluvband* and to accord the treating physician's opinion the appropriate weight.

–CONCLUSION–

For the reasons set forth above, plaintiff's motion for a judgment on the pleadings is denied and defendant's motion to remand the instant case is granted. The instant case is remanded to the Secretary for a redetermination, consistent with this opinion, of the claimant's eligibility for disability benefits.

SO ORDERED.