780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
CHARLES COKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5230
 United States Court of Appeals, Sixth Circuit.
 11/15/85
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: LIVELY, Chief Judge; JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Coker appeals the district court's judgment affirming the Secretary's finding that the onset date of his disability was February 11, 1982, rather than November 1, 1980. On consideration of the issues raised, we affirm.
 
 
 2
 In November 1980, Coker stopped going to work at the small dogfood factory he owned and operated. He felt unable to work due to shortness of breath and other health problems. For most of his life, Coker had been employed doing heavy manual labor, as he had no more than a second grade education. For some time prior to November 1980, however, Coker had been unable to do the heavy work of loading, skinning, boning and packing the meat, and had been directing the work of others. In April 1980, Coker's treating physician had prescribed medication for Coker's complaint of shortness of breath.
 
 
 3
 No clinical tests were conducted until February 11, 1982, at which time pulmonary function studies showed a severe impairment. Two doctors stated that Coker was completely disabled at that time, and one of the doctors expressed to Coker his belief that Coker was eligible for disability benefits.
 
 
 4
 Coker filed for benefits in April 1982. The administrative law judge (ALJ) determined that Coker was disabled and granted benefits, with an onset date of November 1, 1980.
 
 
 5
 Pursuant to 20 C.F.R. Sec. 404.969 the Appeals Council initiated review of the decision. It was troubled by the Cokers' reported income of $20,300 for 1981 on their joint income tax return to the IRS and by the fact that the ALJ had classified Coker as an unskilled laborer when Coker himself stated that he owned and operated a small business. The Appeals Council vacated the ALJ's decision and remanded for further findings on these questions.
 
 
 6
 The ALJ announced his new decision in October 1983. He reviewed the facts of the case. He noted that Coker had not been employed since November 1, 1980, which shows that he credited the Cokers' testimony on this point, although he did not discuss credibility expressly. He found that, in November 1980, Coker still had a residual capacity for sedentary work and that his conditions did not prevent Coker from doing his past relevant work 'of a supervisor.'
 
 
 7
 He found that prior to February 11, 1982, the date that pulmonary function studies were done for the first time, there was no medical evidence to demonstrate that Coker was limited in his work, except that he was unable to work in an environment with dust or fumes and that he could not lift heavy weights. The ALJ did not discuss the 1981 earnings, although it appears that the income was not received by Coker as an employee. The ALJ's conclusion was that benefits should be awarded from February 11, 1982.
 
 
 8
 After exhausting administrative review, Coker filed in federal district court for review. The magistrate recommended upholding the decision, and Judge Bertelsman adopted the findings and conclusions. This appeal followed.
 
 
 9
 Coker contends that the ALJ exceeded the scope of the remand order. See Carrillo v. Heckler, 599 F. Supp. 1164, 1168-69 (S.D.N.Y. 1984). In its order, the Appeals Council noted significant income in tax records for 1981 and also questioned whether, as operator of a small business, Coker was at least semi-skilled. It directed further consideration of these issues.
 
 
 10
 We conclude that the additional findings and conclusions were within the scope of the remand order. The ALJ concluded on remand that the past relevant work was that of supervisor, not laborer, which was clearly within the remand instructions. This conclusion then altered the effect of the impairments that were found to exist. The impairments prior to February 1982 did not prevent sedentary labor. The regulations provide that when an unskilled laborer with little education is closely approaching advanced age, and is found to have a residual capacity for only sedentary work, he is classified 'disabled.' Rule 201.09, 20 C.F.R. Pt. 404, Subpt. P, App. 2. This combination of factors led the ALJ, in the original determination, to find Coker disabled. On remand, once the ALJ reconsidered the question of skill and found Coker to be a supervisor, the equation was no longer the same. The factor of unskilled laborer was missing and therefore the result was that Coker was not disabled. Later, when the medical evidence showed a wholly disabling impairment in February 1982, Coker's level of skill was no longer relevant and benefits were awarded from that date.
 
 
 11
 We thus hold that the findings of the ALJ were within the scope of the remand order. We further hold that there was substantial evidence to support the findings and conclusions by the ALJ on remand. Accordingly, we AFFIRM the judgment of the district court sustaining the Secretary's determination.