**Wesley C. LAUGHERY, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant.**

**Civ. No. A2–84–73.**

United States District Court, D. North Dakota, Northeastern Division.

Jan. 25, 1985.

Larry R. Spain, Legal Aid Ass'n, U.N.D. School of Law, Grand Forks, N.D., for plaintiff.

Rodney S. Webb, U.S. Atty., Fargo, N.D., for defendant.

## ORDER

BENSON, Chief Judge.

In this action for judicial review, the plaintiff, Wesley C. Laughery, seeks reversal of a final decision of the Secretary of Health and Human Services which denied Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq.

After Plaintiff's application was denied, both initially and upon reconsideration, an evidentiary hearing was held at his request before an administrative law judge (ALJ), who determined that Plaintiff was not disabled. The Appeals Council of the Social Security Administration affirmed the ALJ's decision and it thus became the final decision of the Secretary. The matter is now before the court on cross-motions for summary judgment.

## FACTS

Plaintiff was born October 27, 1930, and was 52 years of age when he appeared before the ALJ. He has an 8th grade education, with a recent work history of 15 years as a welder and fabricator in a manufacturing plant. Plaintiff suffered a stroke on October 19, 1980, and has not worked since that date. On February 24, 1981, he filed an application for disability insurance benefits in which he alleged a disability due to the 1980 stroke, arthritis, and high blood pressure. An ALJ found him to be disabled but the Appeals Council reversed that decision and the plaintiff did not seek judicial review of the denial of benefits.

On November 1, 1982, Plaintiff filed the instant application in · which he again claimed to be disabled due to stroke, arthritis, and high blood pressure. In reaching his decision that Plaintiff was not under a disability, the ALJ considered only evidence presented pertaining to the period of time subsequent to the denial of the prior application, holding the decision to be res judicata as to any impairment existing before that date. Section 223(b) of the Act, 42 U.S.C. § 423(b).

The evidence in the record, including Plaintiff's testimony, reveals that he suffers from arthritis, bursitis of the left shoulder, dizziness, pain in the right knee,

carpal tunnel syndrome of the left hand, depression, and a hearing loss. The ALJ considered each of the claimed impairments, both singly and in combination, and concluded they did not significantly limit his ability to perform basic work-related activities even though a vocational rehabilitation evaluation suggested he was unemployable.

The court has carefully reviewed the record to determine whether the decision denying disability insurance benefits is supported by substantial evidence, *Ledoux v. Schweiker,* 732 F.2d 1385 (8th Cir.1984), and is satisfied it is. The decision is not clear whether the ALJ found that Plaintiff could return to his former work but there is ample evidence to support the finding that neither his pain nor related medical impairments prevented him from performing basic work-related activities.

IT IS ORDERED the Secretary's motion for summary judgment is granted and that of the Plaintiff denied. Judgment shall be entered affirming the final decision of the Secretary.