**Floyd MATTSON, Arbadella G. Brandner, and Laurie M. Crevier, on their own behalf and on behalf of all others similarly situated, Plaintiffs,**

**and**

**Dorothy L. Roy, Intervenor,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. A1–84–53.**

United States District Court, D. North Dakota, Southwestern Division.

Sept. 30, 1985.

Edwin W.F. Dyer, II, Duane Houdek, Legal Ass't of No. Dak., Bismarck, N.D., for plaintiffs.

Jerome C. Kettleson, Ass't U.S. Atty., Bismarck, N.D., for defendant.

### MEMORANDUM AND ORDER

VAN SICKLE, Senior District Judge.

This is an action for review of decisions denying disability benefits under the Social Security Act. By order dated August 2, 1984, this court denied Plaintiffs' motion for class certification. That order also denied cross motions for summary judgment. The order of August 2, 1984 was affirmed on reconsideration by order dated December 31, 1984.

On November 16, 1984, Defendant again moved for summary judgment. On December 17, 1984, Plaintiffs again moved for summary judgment. Since the filing of those motions and briefs in support of those motions, both parties have filed several "Notices of Significant Decisions" as other courts have decided issues similar to those raised in this case.

This order is addressed to the pending cross motions for summary judgment.

### FACTS

Each of the plaintiffs applied for and was denied disability benefits under the Social Security Act. Each alleges that the denial was erroneous. The central issue presented by each of the plaintiffs is whether the Secretary's practice of "sequential evaluation" is valid. Under that practice, an applicant cannot receive benefits unless she or he is first determined to be "severely disabled." The determination of whether an applicant is "severely disabled" is made without regard to factors such as age, education, and work experience. The claim of each of the plaintiffs was denied because the Secretary determined the "severely disabled" standard was not met. Each of the plaintiffs alleges that, if her or his disability were found to be "severe," she or he would meet each of the other requirements for receiving disability benefits.

### DISCUSSION

Regulations promulgated by the Secretary set out a sequential process for evaluation of disability claims under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920 (1985). A finding of "not disabled" at any one of the steps terminates consideration of the application. 20 C.F.R. § 404.1520(a) (1985).

The sequential process involves the following steps:

1). A determination of whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b) (1985).

2). A determination of whether the claimant's impairment is "severe," without consideration of the claimant's age, education, or work experience. 20 C.F.R. § 404.1520(c) (1985).

3). If the impairment is considered to be "severe," a determination of whether the claimant's impairment is listed in Appendix 1 of the Secretary's regulations. 20 C.F.R. § 404.1520(d) (1985). If the impairment is listed, the claimant is considered disabled.

4). If the impairment is considered to be "severe," but is not listed in Appendix 1 of the Secretary's regulations, a determination of whether the claimant can do past relevant work. 20 C.F.R. § 404.-1520(e) (1985).

5). A determination of whether, considering the claimant's residual functional capacity, age, education and past work experience, the claimant can perform any other work. 20 C.F.R. § 1520(f) (1985).

It is the second step in the process which Plaintiffs challenge.

The Social Security Act (the Act) includes the following definition of "disability":

[I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). The Act further provides:

For purposes of paragraph (1)(A)—

[A]n individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

42 U.S.C. § 423(d)(2)(A).

The Secretary argues that she has the authority, under the Act, to deny disability benefits to persons who do not have a physical or mental impairment that is "severe" under her definition of that term.

Plaintiffs argue that since the Secretary's determination on the question of severity is, under the regulations as promulgated, made without regard to the claimant's ability to perform substantial gainful activity, claimants who are in fact unable to perform substantial gainful activity are denied disability benefits.

A number of courts have recently considered the validity of the "severity regulation" as applied. In *Stone v. Heckler*, 752 F.2d 1099 (5th Cir.1985), the Fifth Circuit concluded that the Secretary's construction of the "severity regulation" rendered the regulation invalid because it denied benefits to persons who are disabled within the meaning of section 423(d). The court stated:

The ultimate object of this statute, by its own definition, is to provide assistance for that person who is unable "to engage in any substantial gainful activity." 42 U.S.C. § 423(d)(a). To ensure that only those truly unable to work receive benefits, Congress has added the requirement of a medically determinable physical or mental impairment of twelve months' duration and specified that the impairment must either prevent the applicant from continuing his or her previous work or performing other gainful work—taking into consideration that person's age, education, and work experience. If we read this statute to authorize the Secretary to deny "disability" to a claimant suffering a physically or mentally disabling impairment, and for that reason unable to engage in substantial gainful work, whenever the Secretary is not satisfied with the "severity" of the impairment, we would be holding contrary to the expressed Congressional purpose and rewriting the statute to leave the determination of disability solely to the Secretary's discretion about severe impairments. We can find no justification in the statutory language, nor in the history of this legislation, for the Secretary's position.

*Id.* at 1104.

In reaching its decision, the *Stone* court considered the legislative history of the 1984 amendments to the Act:

Under current policies, if a determination is made that a claimant's impairment is not severe, the consideration of the claim ends at that point.... [I]n the interests of reasonable administrative flexibility and efficiency, a determination that an individual is not disabled may be based on a judgment that an individual has no impairment, or that the medical severity of his impairment or combination of impairments is slight enough to warrant a presumption, even without a full evaluation of vocational factors, that the individual's ability to perform [substantial gainful activity] is not seriously affected. The current "sequential evaluation process" allows such a determination and the conferees do not intend to either eliminate or [to] impair the use of that process. The conferees note that the Secretary has stated that it is her plan to reevaluate the current criteria for nonsevere impairments and expect that the Secretary will report to the Committees on the results of this evaluation. [Conference Rep., H.R. 3755, 98th Cong., 2d Sess., 130 Cong.Rec. 9821–39 (1984)]. The prevailing idea, then, among the courts and Congress, is that some impairments are so slight that the ability of the claimant to work can be decided without a full evaluation of vocational factors. The factfinder is entitled to follow a sequential process that disposes of those cases at that early stage. *But it is impermissible to make that disposition on the basis of a standard of severity that denies disability benefits to claimants who are in fact unable to perform substantial gainful activity.*

752 F.2d at 1102. (Emphasis added.)

In *Baeder v. Heckler*, 768 F.2d 547 (3rd Cir.1985), the Third Circuit adopted the same position as had the Fifth Circuit in *Stone.* The Third Circuit observed:

The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. [42 U.S.C.] § 423(d)(1)(A). It goes on to state that a " 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." [42 U.S.C.] § 423(d)(3). Thus, on its face, the statute provides for benefits for any person who cannot work due to any medically determined problem. It therefore appears to require consideration of both medical and vocational factors.

*Id.* at 551. In concluding that the "severity regulation" was invalid as applied by the Secretary, the court stated:

We believe that section 1520(c) of the regulations does more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working. It also allows the Secretary to bypass a full-scale evaluation, which would consider and relate both medical and vocational factors, of an applicant who might actually be entitled to benefits were his age, education and work experience considered. We cannot analyze the severity regulation except according to its plain language and the manner in which the Secretary uses it. We will not rewrite the regulation to make it conform to the statutory mandate, although other courts have directed the Secretary to apply the regulation only to bar the claims of those with *de minimis* medical complaints. [Citations omitted]. As it stands, we hold that the severity regulation, 20 C.F.R. § 404.1520(c), is inconsistent with the Social Security Act, and therefore, is invalid.

*Id.* at 553.

In *Johnson v. Heckler*, 769 F.2d 1202 (7th Cir.1985), an Illinois class action, the court enjoined the Secretary from enforcing the "severity regulation." In reaching its conclusion, the court rejected the Secretary's argument that the legislative history

of the 1984 amendments to the Act supported her position:

Step two of the sequential evaluation process was not, however, the focal point of the 1984 Amendment, contrary to the Secretary's sweeping assertions. To the extent that Congress in the 1984 Amendment addressed step two, Congress disapproved of the Secretary's "severity" regulations and relied on the upcoming revision of the evaluation process to remedy its disapproval:

The Committee is concerned that the consideration of eligibility for disability benefits be conducted using criteria that clearly reflect the intent of Congress that all those who are unable to work receive benefits. It is of particular concern that the Social Security Administration has been criticized for basing terminations of benefits solely and erroneously on the judgment that the person's medical evaluation is "slight," according to very strict criteria, and is therefore not disabling, without making any further evaluation of the person's ability to work.

The Committee believes that in the interests of reasonable administrative flexibility and efficiency, a determination that a person is not disabled may be based on a judgment that the person has no impairment, or that the impairment or combination of impairments are slight enough to warrant a presumption that the person's work ability is not seriously affected. The current "sequential evaluation process" allows such a determination, and the committee does not wish to eliminate or seriously impair use of that process. However, the Committee notes that the Secretary has already planned to reevaluate the current criteria for non-severe impairments, and urges that all due consideration be given to revising those criteria to reflect the real impact of impairments upon the ability to work.

[Citations omitted]. The House Report reflects a Congressional suspicion that the Secretary's step two regulations did not comport with the original intent of the Social Security Act, but stops short of condemning the regulations, relying instead on the Secretary's promised reevaluation of the regulations. The suspicion evidenced in the House Report's analysis of step two is derivative of the general purpose of the 1984 Amendment, which was to help "insure that no beneficiary loses eligibility for benefits as a result of careless or arbitrary decision making by the Federal government." ... *Id.* at 1211.

Other Courts of Appeals have, at the least, questioned the validity of the "severity regulation." In *Chico v. Schweiker*, 710 F.2d 947 (2d Cir.1983), the Second Circuit found it unnecessary to "resolve the ... close question of the validity of the 'severity' regulation." *Id.* at 953. In *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984), the Eleventh Circuit endorsed a more narrow definition of a "non-severe" impairment than the Secretary's regulations imply:

An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

*Id.* at 920. In *Valencia v. Heckler*, 751 F.2d 1082 (9th Cir.1985), the Ninth Circuit described a two step process to determine whether a Social Security claimant is disabled:

First, it must be determined whether the applicant can perform his "previous work." If not, the Secretary must then determine whether the claimant can engage in other, less demanding, work which exists in the national economy.

*Id.* at 1086. The two step process as described above is not consistent with the Secretary's sequential evaluation process.

The Sixth Circuit has taken a contrary position and has upheld the validity of the "severity regulation." In *Gist v. Secretary of Health and Human Services*, 736

**76**

F.2d 352, 357 (6th Cir.1984), a panel of the Sixth Circuit stated:

We find no merit in Gist's contention that the sequential procedure for evaluating disability, under which no further inquiry is necessary if a claimant is determined not to have a severe impairment, *see* 20 C.F.R. § 416.920(a) (1983), is improper. The requirement that an impairment be severe flows directly from the statute. *See* 42 U.S.C. § 1382c(a)(3)(B). Since the severe impairment requirement is an absolute one, in that if a claimant lacks a severe impairment he can receive benefits under no conceivable set of facts, there is no need for the Secretary to consider other factors, such as age, education, and vocational skills, if this crucial element is lacking. .

The Sixth Circuit is apparently the only circuit that has expressly approved the validity of the "severity" regulation.

The Eighth Circuit has expressly reserved a decision on the validity of the "severity regulation." *McCoy v. Schweiker*, 683 F.2d 1138, 1145 n. 6 (8th Cir.1982).

The Secretary has cited, in support of her position, a decision issued in another division of this district. *Laughery v. Heckler*, 628 F.Supp. 11 (D.N.D. 1985). Though that decision implied the "severity regulation" was valid, it is not clear that the regulation itself was challenged in that case as it is in the instant case.

Based on the decisions of the Third, Fifth, and Seventh Circuits, this court concludes that the "severity regulation," 20 C.F.R. § 404.1520(c) (1985), is invalid as inconsistent with the Social Security Act.

Because the Secretary's decision on the application of each of the plaintiffs was based on the "severity regulation," it is necessary to remand each of the cases to the Secretary for further proceedings. On remand, the Secretary is instructed to consider the application of each of the plaintiffs without regard to 20 C.F.R. § 404.-1520(c) (1985).

Because Plaintiffs' briefs on the instant motion do not address the claim of Plaintiff Laurie M. Crevier, this court will not address its order to her claim.

CONCLUSION

For the foregoing reasons, IT IS ORDERED:

1). Defendant's motion for summary judgment is denied.

2). The claims of Floyd Mattson, Arbadella G. Brandner, and Dorothy L. Roy are remanded to the Secretary for further proceedings consistent with this order.

3). Plaintiffs shall show, cause, if any there be, why the claim of Plaintiff Laurie M. Crevier should not be dismissed.